## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| Linyi Chengen Import and Export Co., Ltd | ) | |
| Plaintiff, | ) | |
| and | ) | |
| Celtic Co., Ltd.., et al., | ) | Consol. Ct. No. 18-00002 |
| Plaintiff-Intervenors, | ) | |
| v. | ) | |
| United States | ) | |
| Defendant, | ) | |
| and | ) | |
| Coalition for Fair Trade in Hardwood Plywood | ) | |
| Defendant-Intervenor. | ) | |

**COMMENTS IN OPPOSITION TO THE FOURTH REMAND REDETERMINATION ON BEHALF OF CONSOLIDATED PLAINTIFFS ZHEJIANG DEHUA TB IMPORT & EXPORT CO., LTD. ET.AL.**

Jeffrey S. Neeley
Stephen W. Brophy
**Husch Blackwell LLP**
750 17th St., NW
Ste 900
Washington, DC 20006
(202) 378-2409
Email: Jeffrey.Neeley@huschblackwell.com

Dated:  December 29, 2021

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................... 1

II.    FACTS ................................................................................................................................ 1

III.   ARGUMENT ...................................................................................................................... 3

   A.   **Commerce's Fourth Remand Redetermination Fails to Company with the Court's Remand Order.** ................................................................................................................... 3

   B.   **Consolidated Plaintiffs Join in the Comments Filed by Other Respondent Parties in Opposition to Commerce's Fourth Remand Redetermination** .................................................... 6

IV.   CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

## Cases

*Albemarle Corporation v. United States,* 821 F.3d 1345 (Fed. Cir. 2016).................................... 6

A*manda Foods (Vietnam) Ltd. v. United States,* 714 F.Supp.2d 1282 (2010) .............................. 6

*Baroque Timber Industries (Zhongshan) Company Limited v. United States*, 971 F. Supp. 2d 1333 (CIT 2014) ......................................................................................................................... 6

*Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367 (Fed. Cir. 2012) ................................................................................................................................................. 6

*F.lli De Cecco di Filippo Fara S. Martino S.p.A. v. United States,* 216 F.3d 1027 (Fed.Cir.2000) ................................................................................................................................................. 5

*Linyi Chengen Imp. & Exp. Co. v. United States*, 487 F. Supp. 3d 1349 (Ct. Int'l Trade 2020) .... 2

*Linyi Chengen Imp. & Exp. Co. v. United States*, Slip. Op. 21-127 (Ct. Int'l Trade Sept. 24, 2021) ................................................................................................................................................. 2

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185 (Fed. Cir. 1990 ......................................... 5

*Yangzhou Bestpak Gifts & Crafts Co. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013) .......... 2, 5

## Statutes

19 U.S.C. § 1516a.......................................................................................................................... 2

**COMMENTS IN OPPOSITION TO THE THIRD REMAND REDETERMINATION ON BEHALF OF CONSOLIDATED PLAINTIFFS ZHEJIANG DEHUA TB IMPORT & EXPORT CO., LTD. ET.AL.**

## I.     INTRODUCTION

Consolidated Plaintiffs Zhejiang Dehua TB Import & Export Co., Ltd., et. al. ("Consolidated Plaintiffs")[1] hereby file these comments in opposition to the remand fourth redetermination filed by Defendant United States on November 10, 2021 pursuant to Slip Op. 21-127 (CIT September 24, 2021.  Final Results of Redetermination Pursuant to Court Remand Order in *Linyi Chengen Import and Export Co., Ltd. v. United States*, Consol. Court No. 18-0002, dated November 10, 2021 ("Fourth Remand Redetermination').  In its Fourth Remand Redetermination, the U.S. Department of Commerce ("Commerce") again erred in the margin assigned to non-selected cooperative respondents ("Separate Rate Respondents").   For the reasons argued below, Consolidated Plaintiffs respectfully request that the Court remand this case with instructions that Commerce again reconsider and correct the calculation of the margin assigned to Separate Rate Respondents.

## II.     FACTS

In its second remand redetermination in this case, Commerce assigned Chengen a margin of 0.00 percent.  Final Results of Redetermination Pursuant to Court Remand in *Linyi Chengen*

---

[1]  In addition to Zhejiang Dehua TB Import & Export Co., Ltd., the Consolidated Plaintiffs represented by Husch Blackwell, LLP are Highland Industries, Inc., Jiashan Dalin Wood Industry Co., Ltd., Happy Wood Industrial Group Co., Ltd., Jiangsu High Hope Arser Co., Ltd., Suqian Yaorun Trade Co., Ltd., Yangzhou Hanov International Co., Ltd., G.D.Enterprise Limited., Deqing China-Africa Foreign Trade Port Co., Ltd., Pizhou Jin Sheng Yuan International Trade Co., Ltd., Xuzhou Shuiwangxing Trading Co., Ltd., Cosco Star International Co., Ltd., Linyi City Dongfang Jinxin Economic and Trade Co., Ltd., Linyi City Shenrui International Trade Co., Ltd., Jiangsu Qianjiuren International Trading Co., Ltd., and Qingdao Top P&Q International Corp.

*Import and Export Co., Ltd. v. United States*, Consol. Court No. 18-0002, dated June 18, 2020,

2021 ("Second Remand Redetermination").  Given Chengen's revised margin, Commerce was

required to revise the margin for Separate Rate Respondents since their margin was based on

Chengen's margin in the underlying investigation.   Instead of continuing to base the separate

rate on Chengen's rate, i.e. the only rate calculated for a mandatory respondent, Commerce

calculated a rate for Separate Rate Respondents based on the simple average of Chengen's 0.00

percent rate with the revised adverse facts available rate assigned to the PRC-wide entity of

114.72 percent. Id.  This resulted in a margin for Separate Rate Respondents of 57.36.  Id.  The

Court properly upheld the Department's calculation of Chengen's 0.00% margin but has now

remanded twice Commerce's separate rate calculation.  *Linyi Chengen Imp. & Exp. Co. v.*

*United States*, 487 F. Supp. 3d 1349, 1351 (Ct. Int'l Trade 2020) and *Linyi Chengen Imp. & Exp.*

*Co. v. United States*, Slip. Op. 21-127 (Ct. Int'l Trade Sept. 24, 2021).

Most recently, this Court again considered Commerce's reasoning and again found that

Commerce had not justified its reliance on the 57.36% margin for the cooperating separate rate

Plaintiffs:

> Commerce must support with substantial evidence its application of a 57.36% all-
> others separate rate. *See* 19 U.S.C. § 1516a(b)(1)(B)(i). The Court notes
> Commerce's acknowledgment that the record provides no opportunity for
> Commerce to know or to calculate the actual dumping margins of the Separate Rate
> Plaintiffs. *See* Third Remand Determination at 16. Nonetheless, Commerce is still
> required to assign dumping margins as accurately as possible. *Rhone Poulenc, Inc.*
> *v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990). Commerce created its own
> problems when it selected only two mandatory respondents, which resulted in
> sparse information on the record to support its assertions regarding the potential
> dumping margins of the separate rate respondents. *See Yangzhou Bestpak Gifts &*
> *Crafts Co. v. United States*, 716 F.3d 1370, 1376–79 (Fed. Cir. 2013) (citing
> *Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 35 CIT 948, 955 n.4 (2011)
> ("Commerce put itself in a precarious situation when it selected only two
> mandatory respondents.")). Because Commerce cited as record evidence
> only one commercial invoice showing an approximately 20% price difference, the
> Court concludes that Commerce's 57.36% separate rate assigned to the voluntary,

cooperating Separate Rate Plaintiffs is not reasonable and is unsupported by substantial evidence.

Slip Op. 21-127 at 18.  On this fourth remand, Commerce's continues to apply a margin of 57.36% to the SRA Plaintiffs without adequately addressing the Court's remand order.

## III.   ARGUMENT

### A.  Commerce's Fourth Remand Redetermination Fails to Company with the Court's Remand Order.

Commerce's Fourth Remand Redetermination does not meaningfully consider or follow the Court's instructions and continues to be unsupported by substantial evidence and otherwise not in accordance with law.  First, Commerce again attempts to justify its determination based on the limited record before it, asserting that "the record provides no opportunity for Commerce to know or to calculate the actual dumping margins of the Separate Rate Plaintiffs." Fourth Remand Redetermination at 11. As quoted above, the Court already specifically rejected this justification given that this deficiency is of Commerce's own making.

Second, Commerce continued to rely on the price quotes from a Chinese exporter in the petition and the prices in the commercial invoice of that same Chinese exporter's separate rate application.   Commerce has failed to adequately address the Court's skepticism as to the reasonableness of the 57.36 percent rate given the 20 percent difference between the prices in the invoice and that of Linyi Chengen.  Slip Op. 21-127 at 17-18.  Commerce claims that the "20 percent difference alone is not indicative of the potential level of dumping by that exporter" because the there is no company-specific normal value on the record for the company at issue." Fourth Remand Redetermination at 13-14.  Commerce apparently concludes from this that the dumping margin of the exporter may be higher and cites to other information collected from that exporter which suggests that its sold subject merchandise at even lower prices than on the one

3

invoice.  Id. at 31-33.   However, it is just as likely that the company's margin could be lower.

All of the information cited by Commerce relates to the prices charged by that exporter and

Commerce still has no information on that exporter's normal value or factors of production.

The only record evidence of a dumping margin based on a company-specific normal value is the

zero percent rate calculated for Chengen.  While Chengen may be one company, its rate is based

on Chengen's verified actual normal value and many more sales to the United States.

Moreover, Commerce does not adequately consider the fact that the Petition rate for this one

exporter was based on a normal value calculated using a different surrogate country than the

country selected by Commerce to calculate Chengen's margin.  Commerce dismisses this fact

because it claims that the Thailand surrogate values were credible and were used for the purposes

of initiation.  Fourth Remand Redetermination at 35.  Regardless of whether Commerce was

allowed to use Thailand for purposes of initiation, Commerce ultimately rejected Thailand as the

most appropriate surrogate country after further investigation and selected Romania as providing

the best information available for valuing the factors of production.   Commerce does not

consider the inaccuracies of using one surrogate country to calculate the normal value for

Chengen and then basing the margin of other cooperative respondents partially on an actual

margin calculated using an actual normal value based on data from Romania and partially on an

estimated margin calculated using an estimated normal value based on data from Thailand.  It is

unreasonable for Commerce to conclude that Romania provides the best information available to

calculate an accurate dumping margin and then partially base the rate of cooperative respondents

on data from a different country, Thailand.  This contradiction is apparent on the face of

Commerce's decision.

4

Consolidated Plaintiffs again note that the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") addressed the same factual scenario in *Yangzhou Bestpak Gifts & Crafts Co. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013) ("Bestpak").  In that case, one of the two mandatory respondents was assigned a total AFA rate and the other was assigned a de minimis rate. Commerce likewise initially assigned separate rate respondents an average of the two rates, stating that this was a reasonable method.  On appeal, the Federal Circuit held that this methodology was unreasonable as applied since it did not reflect economic reality and had no relationship to the separate rate respondents actual dumping margin.   The same is true based on the facts of this case.  As the Federal Circuit explained,  "{a}n overriding purpose of Commerce's administration of antidumping laws is to calculate dumping margins as accurately as possible"  and the rate determination for non-mandatory, cooperative respondents must "bear some relationship to the actual dumping margins."  *Id*. at 1379-1380 *citing Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990).   The Court also noted that it was unreasonable to assign a cooperative respondent a rate that was half of the PRC-wide rate when the respondent had demonstrated that it was independent of government control and that such a result may amount to being punitive, which is not permitted by the statute  *Id*. at 1379 *citing F.lli De Cecco di Filippo Fara S. Martino S.p.A. v. United States,* 216 F.3d 1027, 1032 (Fed.Cir.2000) ("{T}he purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose punitive, aberrational, or uncorroborated margins.").  Commerce's actions for the Separate Rates Respondents here result in just the opposite of encouraging cooperation – Commerce is effectively telling separate rates companies that their cooperation will not matter and that Commerce will simply assign an arbitrary and punitive rate to them, regardless of their cooperation.  The Courts have made similar decisions in a number of cases.

*See Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367 (Fed. Cir.

2012); *Baroque Timber Industries (Zhongshan) Company Limited v. United States*, 971 F. Supp.

2d 1333 (Ct. Int'l Trade 2014); *Navneet Publications (India) Ltd. v. United States*, 999 Fed.

Supp. 2d 1354 (Ct. Int'l Trade 2014); A*manda Foods (Vietnam) Ltd. v. United States,* 714

F.Supp.2d 1282 (Ct. Int'l Trade 2010); *Albemarle Corporation v. United States,* 821 F.3d 1345

(Fed. Cir. 2016); and *Changzhou Hawd Flooring Co. v. United States*, 848 F.3d 1006 (Fed. Cir.

2017).

Commerce's analysis in this Fourth Remand Redetermination suffers from the same

deficiencies as in the Commerce's previous remand redetermination and should be rejected as

not supported by substantial evidence or otherwise in accordance with law.

### B.  Consolidated Plaintiffs Join in the Comments Filed by Other Respondent Parties in Opposition to Commerce's Fourth Remand Redetermination

Consolidated Plaintiffs hereby join in and incorporate by reference the comments being

filed by other respondent parties in opposition to Commerce's calculation of the separate rate in

the Fourth Remand Redetermination.

## IV.     CONCLUSION

In light of the foregoing, Commerce's Fourth Remand Results continue to be arbitrary and

capricious, not supported by substantial evidence, and not in accordance with the law.  The Court

should remand the issue to Commerce again.


Respectfully submitted,

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Stephen W. Brophy

**Husch Blackwell LLP**
750 17th St., NW
Ste 900
Washington, DC 20006
(202) 378-2409
Email: Jeffrey.Neeley@huschblackwell.com

*Counsel for Consolidated Plaintiffs Zhejiang*
*Dehua TB Import & Export Co., Ltd., et. al.*

Dated:  December 29, 2021

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(2), the undersigned certifies that these comments comply with the word limitation requirement.  The word count for Consolidated Plaintiffs' comments, as computed by Husch Blackwell's word processing system Microsoft Word 2010, is 1,800 words.

/s/ Jeffrey S. Neeley
_____
Jeffrey S. Neeley
Husch Blackwell LLP
*Counsel for Consolidated Plaintiffs Zhejiang Dehua TB Import & Export Co., Ltd., et. al.*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was electronically filed on December 29, 2021,

via the Court's ECF filing system, which automatically serves notice on counsel of record.


/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Husch Blackwell LLP
*Counsel for Consolidated Plaintiffs Zhejiang*
*Dehua TB Import & Export Co., Ltd., et. al.*