A-570-051
Remand
Slip Op. 22-150
POI: 04/01/2016 – 09/30/2016
**Public Document**
E&C/OV: KJA

*Linyi Chengen Import and Export Co., Ltd., et al. v. United States*
**Consol. Court No. 18-00002, Slip Op. 22-150 (CIT December 21, 2022)**
**Certain Hardwood Plywood Products from the People's Republic of China**

**FINAL RESULTS OF REDETERMINATION**
**PURSUANT TO COURT REMAND**

## I.  SUMMARY

The U.S. Department of Commerce (Commerce) has prepared these final results of

redetermination in accordance with the opinion and remand order of the U.S. Court of

International Trade (CIT or the Court) in *Linyi Chengen Import and Export Co., Ltd., et al. v.*

*United States*, Consol. Court No. 18-00002, Slip Op. 22-150 (CIT December 21, 2022) (*Remand*

*Order V*).  These final results of redetermination concern Commerce's less-than-fair-value

(LTFV) investigation of certain hardwood plywood products (plywood) from the People's

Republic of China (China) and its method of calculating the estimated weighted-average

dumping margin assigned to the non-individually-examined companies that demonstrated they

were eligible for a separate rate and that are party to this litigation (identified either directly or

via their importer(s) that are party to this litigation).  The Court concluded that the 57.36 percent

separate rate assigned in the *Final Redetermination IV* to the separate rate companies that are

party to this litigation[1] was unreasonable as applied and not supported by substantial evidence.[2]

---

[1] *See Final Results of Redetermination Pursuant to Court Remand, Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Consol. Court No. 18-00002, Slip Op. 21-127 (CIT September 24, 2021), dated November 10, 2021 (*Final Redetermination IV*), available at https://access.trade.gov/resources/remands/21-127.pdf.
[2] *See Remand Order V* at 27.

Therefore, the Court instructed Commerce to reconsider the all-others separate rate consistent with its opinion, including whether other evidence on the record supports a lower rate after the applicable rates are averaged.[3]

In accordance with *Remand Order V*, we have reconsidered the separate rate assigned to the parties to this litigation. After weighing all options and considering the views of the Court, we find, under protest,[4] that assigning the rate calculated for Linyi Chengen Import and Export Co., Ltd. (Chengen), *i.e.*, zero percent, is the only remaining alternative on the record. We also find that companies assigned a separate rate that requested voluntary respondent status and submitted all questionnaire responses should be excluded from the *Order*.

On February 21, 2023, Commerce released to interested parties the Draft Remand and established February 24, 2023, as the deadline for interested parties to submit comments on the Draft Remand.[5] On February 23, 2023, at the request of the Coalition for Fair Trade in Hardwood Plywood (the petitioner), we extended the deadline for all interested parties to submit comments on the Draft Remand until March 1, 2023.[6] On March 1, and March 2, 2023, Commerce received comments on the Draft Remand from the petitioner;[7] Cosco Star International Co., *et al.* (collectively, Cosco Star);[8] Taraca Pacific, Inc., *et al.* (collectively,

---

[3] *Id*. at 27-28.
[4] *See Viraj Group, Ltd. v. United States*, 343 F. 3d 1371, 1376 (Fed. Cir. 2003) (*Viraj*).
[5] *See* Draft Results of Remand Redetermination, *Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Consol. Court No. 18-00002, Slip Op. 22-150, dated February 21, 2023 (Draft Remand).
[6] *See* Memorandum, "Extension of Comment Deadline," dated February 23, 2023.
[7] The petitioner submitted its comments under the "one-day lag rule." *See* 19 CFR 351.303(c). The final version was submitted on March 2, 2023. *See* Petitioner's Letter, "Comments on Draft Results of Redetermination," dated March 1, 2023 (Petitioner's Comments).
[8] *See* Cosco Star International Co., Ltd., Zhejiang Dehua TB Import & Export Co., Ltd. (Dehua TB), Highland Industries, Inc., Jiashan Dalin Wood Industry Co., Ltd., Happy Wood Industrial Group Co., Ltd., Jiangsu High Hope Arser Co., Ltd., Suqian Yaorun Trade Co., Ltd., Yangzhou Hanov International Co., Ltd., G.D.Enterprise Limited., Deqing China-Africa Foreign Trade Port Co., Ltd., Pizhou Jin Sheng Yuan International Trade Co., Ltd., Xuzhou Shuiwangxing Trading Co., Ltd., Linyi City Dongfang Jinxin Economic and Trade Co., Ltd., Linyi City Shenrui International Trade Co., Ltd., Jiangsu Qianjiuren International Trading Co., Ltd., and Qingdao Top P&Q International Corp's Letter, "Comments on Draft Results of Redetermination Pursuant to Court Order in Linyi

Taraca Pacific);[9] and Sanfortune Wood Co., Ltd (Sanfortune) and Xuzhou Longyuan Wood

Industry Co., Ltd (Longyuan) (collectively, Voluntary Respondent Plaintiffs).[10]

## II.     BACKGROUND

On December 8, 2016, Commerce initiated an LTFV investigation on plywood from

China,[11] and we issued our *Final Determination* in this investigation in November 2017.[12]  In the

*Final Determination*, Commerce calculated the normal value (NV) for mandatory respondent

Chengen by applying the "intermediate input" methodology and valuing Chengen's consumption

of wood veneers,[13] rather than by valuing Chengen's consumption of wood logs.[14]  Commerce

further assigned to the companies eligible for a separate rate an estimated weighted-average

dumping margin based on Chengen's estimated weighted-average dumping margin.[15]

In *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283 (CIT 2019)

(*Remand Order I*), the CIT highlighted its concern with two evidentiary issues:  (1) conflicting

accounts between Commerce and Chengen regarding whether the conversion table and formula

---

Chengen Import and Export Co., Ltd., et al. v. United States, Consol. Court No. 18-00002, Slip Op. 22-150 (CIT December 21, 2022)," dated March 1, 2023 (Cosco Star's Comments).

[9] *See* Taraca Pacific, Inc., Canusa Wood Products Ltd., Concannon Corp. DBA Concannon Lumber Company, Fabuwood Cabinetry Corporation, Holland Southwest International Inc., Liberty Woods International, Inc., Northwest Hardwoods, Inc., Richmond International Forest Products, LLC and USPly LLC's Letter, "Comments of Taraca Pacific, Inc. *et al.* on Draft Results of Redetermination Pursuant to Court Order (Ct. No. 18-00002)," dated March 1, 2023 (Taraca Pacific's Comments).

[10] *See* Sanfortune and Longyuan's Comments, "Slip Op. 22-150 Comments on Fifth Remand Results," dated March 1, 2023 (Voluntary Respondent Plaintiffs Comments).

[11] *See Certain Hardwood Plywood Products from the People's Republic of China:  Initiation of Less-Than-Fair-Value Investigation*, 81 FR 91125 (December 16, 2016).

[12] *See Certain Hardwood Plywood Products from the People's Republic of China:  Final Determination of Sales at Less Than Fair Value, and Final Affirmative Determination of Critical Circumstances, in Part*, 82 FR 53460 (November 16, 2017) (*Final Determination*), and accompanying Issues and Decision Memorandum (IDM).

[13] Commerce's general practice in non-market economy proceedings, consistent with section 773(c)(1)(B) of the Tariff Act of 1930, as amended (the Act), is to calculate NV using the factors of production (FOP) that a respondent consumes to produce a unit of the subject merchandise.  There are circumstances, however, in which Commerce will modify its standard FOP methodology, choosing instead to apply a surrogate value to an intermediate input instead of the individual FOPs used to produce that intermediate input.  *See Final Determination* IDM at Comment 2.

[14] *See Final Determination* IDM; *see also Certain Hardwood Plywood Products from the People's Republic of China:  Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 FR 504 (January 4, 2018) (*Order*).

[15] *See Final Determination*, 82 FR at 53462.

Chengen used to calculate its log consumption volume were from the Chinese National Standard and whether they yielded accurate log volumes; and (2) whether the record contains sources, independent of documents generated by Chengen itself, to validate Chengen's reported log consumption.[16]  On remand, Commerce maintained in its *Final Redetermination I* that Chengen had failed to build an adequate administrative record prior to the verification conducted in the LTFV investigation and that Chengen was unable to report and substantiate its log volume FOPs accurately.  As a result, Commerce continued to apply the intermediate input methodology, as in the underlying *Final Determination*, and made no change to the estimated weighted-average dumping margin assigned to the companies eligible for a separate rate that are participating in this litigation.[17]

In its *Remand Order II*, the CIT concluded that Commerce's position that Chengen's documentation was unreliable for lack of third-party confirmation was contrary to law and instructed Commerce to "accept the previously-rejected documents that Chengen presented at verification representing the complete and accurate Chinese National Standard used for volume conversion."[18]  On remand and under respectful protest,[19] Commerce requested that Chengen supply the additional pages accompanying its log volume calculation table and formula that Chengen attempted to provide to Commerce verifiers at the time of Chengen's verification and provided an opportunity for interested parties to comment on the new factual information.[20]  In

---

[16] *See Remand Order I*, 391 F. Supp. 3d at 1294; *see also Final Results of Redetermination Pursuant to Court Remand, Linyi Chengen Import and Export Co., Ltd., et al. v. United States, Court No. 18-00002*, Slip Op. 19-67 (CIT June 3, 2019), dated August 23, 2019 (*Final Redetermination I*), available at https://access.trade.gov/resources/remands/19-67.pdf.
[17] *See Final Redetermination I.*
[18] *See Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, 433 F. Supp. 3d 1278, 1286 (CIT 2020) (*Remand Order II*), at 14.
[19] *See Viraj.*
[20] *See Final Results of Redetermination Pursuant to Court Remand, Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Court No. 18-00002, Slip Op. 20-22 (CIT February 20, 2020), dated June 18, 2020 (*Final*

4

its *Final Redetermination II*, Commerce, also under respectful protest, reconsidered the

application of the intermediate input methodology to Chengen and calculated an estimated

weighted-average dumping margin based on the valuation of Chengen's log FOPs, which

resulted in an estimated weighted-average dumping margin for Chengen of zero percent.[21]  In

addition, Commerce revised the estimated weighted-average dumping margin for the China-wide

entity to be equal to the highest dumping margin alleged in the Petition, 114.72 percent,[22] and

revised the estimated weighted-average dumping margin assigned to the companies eligible for a

separate rate that are participating in this litigation.  Commerce established this rate, in

accordance with section 735(c)(5)(B) of the Act, by averaging Chengen's zero percent rate with

the rate assigned to the China-wide entity.[23]  This resulted in a rate assigned to the non-

examined, separate rate companies involved in this litigation of 57.36 percent.[24]

     In its *Remand Order III*,[25] the CIT sustained Commerce's revised estimated

weighted-average dumping margin for Chengen as reasonable and supported by substantial

evidence but instructed Commerce to either provide more evidence supporting its departure from

---

*Redetermination II*), available at https://access.trade.gov/resources/remands/20-22.pdf; *see also* Memorandum,
"Requesting 12-page Document Rejected at Verification Pursuant to Court Order and Comments on Such
Information," dated March 4, 2020.
[21] *See Final Redetermination II*; *see also* Memorandum, "Draft Redetermination Analysis Memorandum for Linyi
Chengen Import and Export Co., Ltd.," dated April 22, 2020.
[22] *See Final Redetermination II* at 15 and Issue 3; *see also* Petitioner's Letter, "Certain Hardwood Plywood Products
from the People's Republic of China:  Petitions for the Imposition of Antidumping and Countervailing Duties,"
dated November 18, 2016 (Petition).
[23] *See Final Redetermination II* at 16 and 52.  The separate rate is the simple average of the rates determined for
Chengen and the China-wide entity.  The methodology for calculating this rate is also discussed in the *Preliminary
Determination* in the LTFV investigation.  *See Certain Hardwood Plywood Products from the People's Republic of
China:  Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative
Determination of Critical Circumstances, in Part*, 82 FR 28629 (June 23, 2017) (*Preliminary Determination*), and
accompanying Preliminary Decision Memorandum (PDM) at 21.
[24] *See Final Redetermination II* at 17 and Attachment.
[25] *See Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, 487 F. Supp. 3d 1349 (CIT 2020) (*Remand
Order III*).

the "expected method"[26] in calculating the rate applied to the Separate Rate Plaintiffs,[27] or to change its determination.[28] In *Final Redetermination III*,[29] Commerce provided additional explanation concerning its conclusions in *Final Redetermination II* and continued to calculate an estimated dumping margin for non-examined companies receiving a separate rate by averaging Chengen's zero percent rate with the rate assigned to the China-wide entity. As a result, we continued to assign to the non-examined, separate rate companies involved in this litigation (either directly or identified via their importers that are party to this litigation) a rate of 57.36 percent.[30]

---

[26] Normally, Commerce's practice is to assign to separate rate entities that were not individually examined a rate equal to the average of the rates calculated for the individually-investigated respondents, excluding any rates that are zero, *de minimis*, or based entirely under section 776 of the Act, consistent with section 735(c)(5)(A) of the Act. Where the estimated weighted-average dumping margins for all exporters and producers individually investigated are zero, *de minimis*, or determined entirely under section 776 of the Act, the Act provides an exception to the general rule to calculate the estimated all-others rate. Under the exception to the general rule for determining the all-others rate, Commerce may use "any reasonable method to establish the rate for exporters and producers not individually investigated, including averaging the estimated weighted average dumping margins determined for the exporters and producers individually investigated." The SAA states that, under the exception to the general rule, "the expected method in such cases will be to weight-average the zero and *de minimis* margins and margins determined pursuant to the facts available." *See* Statement of Administrative Action Accompanying the Uruguay Round Agreements Act, H.R. Doc. 103-316, Vol. 1 (1994) (SAA), at 870-873.

[27] In its *Remand Order III*, the CIT refers to the following parties as "Separate Rate Plaintiffs": Dehua TB; Highland Industries, Inc.; Jiashan Dalin Wood Industry Co.; Happy Wood Industrial Group Co.; Jiangsu High Hope Arser Co.; Suqian Yaorun Trade Co.; Yangzhou Hanov International Co.; G.D. Enterprise, Ltd.; Deqing China-Africa Foreign Trade Port Co.; Pizhou Jin Sheng Yuan International Trade Co.; Xuzhou Shuiwangxing Trading Co.; Cosco Star International Co.; Linyi City Dongfang Jinxin Economic & Trade Co.; Linyi City Shenrui International Trade Co.; Jiangsu Qianjiuren International Trading Co.; Qingdao Top P&Q International Corp.; Celtic Co.; Anhui Hoda Wood Co.; Far East American, Inc.; Jiaxing Gsun Import & Export Co.; Jiaxing Hengtong Wood Co.; Linyi Evergreen Wood Co.; Linyi Glary Plywood Co.; Linyi Jiahe Wood Industry Co.; Linyi Linhai Wood Co.; Linyi Hengsheng Wood Industry Co.; Linyi Huasheng Yongbin Wood Co.; Linyi Mingzhu Wood Co.; Linyi Sanfortune Wood Co. (Sanfortune); Qingdao Good Faith Import & Export Co.; Shanghai Futuwood Trading Co.; Shandong Qishan International Trading Co.; Suining Pengxiang Wood Co.; Suqian Hopeway International Trade Co.; Suzhou Oriental Dragon Import & Export Co.; Xuzhou Andefu Wood Co.; Xuzhou Jiangyang Wood Industries Co., Ltd. (Jiangyang Wood); Longyuan; Xuzhou Pinlin International Trade Co.; Xuzhou Shengping Import & Export Co.; Xuzhou Timber International Trade Co.; Taraca Pacific, Inc.; Canusa Wood Products, Ltd.; Concannon Corp. d/b/a Concannon Lumber Co.; Fabuwood Cabinetry Corp.; Holland Southwest International, Inc.; Liberty Woods International, Inc.; Northwest Hardwoods, Inc.; Richmond International Forest Products, LLC; and USPLY, LLC. Hereafter, we also refer to these companies collectively as the "Separate Rate Plaintiffs."

[28] *See Remand Order III*, 487 F. Supp. 3d at 1358.

[29] *See Final Results of Redetermination Pursuant to Court Remand, Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Court No. 18-00002, Slip Op. 20-183 (CIT December 21, 2020), dated March 22, 2021 (*Redetermination III*), available at https://access.trade.gov/resources/remands/20-183.pdf.

[30] The separate rate is the simple average of the rates determined for Chengen and the China-wide entity. The methodology for calculating this rate is discussed in the *Preliminary Determination* PDM at 21.

In its *Remand Order IV*,[31] the Court sustained Commerce's departure from the expected method, finding that Commerce had reasonably supported its determination to depart from the expected method in establishing the estimated dumping margin for non-examined companies, and that the separate rate companies' potential dumping margins would not be represented by Chengen's zero percent dumping margin.[32] However, the Court held that, because Commerce cited as record evidence only one commercial invoice from the Petition showing an approximately 20 percent price difference between the invoice price and similar products sold by Chengen, Commerce's selection of the all-others separate rate of 57.36 percent was not reasonable and was not supported by substantial evidence.[33] The Court held that Commerce is required to assign the most accurate dumping margin possible, and it remanded the assignment of the separate rate to Commerce to "reconsider the all-others separate rate consistent with {its} opinion."[34]

## II. DISCUSSION

### A. *Final Redetermination IV* and *Remand Order V*

In *Final Redetermination IV*, Commerce reviewed the record of this investigation and our administrative precedent and reconsidered the separate rate assigned to the Separate Rate Plaintiffs. For the reasons previously provided, and sustained by the Court in *Remand Order IV*, in calculating the rate assigned to the Separate Rate Plaintiffs, departure from the expected method was warranted under section 735(c)(5)(B) of the Act. As the separate rate, we continued to apply the simple average of: (a) the revised adverse facts available (AFA) rate applied to the

---

[31] *See Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Consol. Ct. No. 18-00002, Slip. Op. 21-127 (CIT September 24, 2021) (*Remand Order IV*).
[32] *Id.* at 14-15.
[33] *Id*. at 18.
[34] *Id*. at 18-19.

China-wide entity (which includes mandatory respondent Shandong Dongfang Bayley Wood Co., Ltd. (Bayley)) of 114.72 percent; and (b) the zero percent rate calculated for Chengen. In finding this to be the most reasonable method to determine the rate assigned to the Separate Rate Plaintiffs, we considered the Court's ruling that Chengen's rate alone would not be representative of the dumping margins of the Separate Rate Plaintiffs, the absence of any calculated rates on the record of this investigation other than the Petition rates, and the fact that the Petition rates were rooted in actual selling behavior from the period of investigation (POI) established by the Petition SRA Exporter.[35] Because the Petition SRA Exporter was also a separate rate recipient, it is representative to some extent of the dumping behavior of the Separate Rate Plaintiffs.[36]

In its *Remand Order V*, the CIT rejected Commerce's analysis and agreed with respondent interested parties that Commerce ignored potentially contrary record evidence that the Petition SRA Exporter sold plywood at prices higher than those upon which the Petition rates are based, and that Commerce failed to review other potentially contradictory evidence on the record, such as evidence indicating that Separate Rate Plaintiff Jiangyang Wood had higher weighted-average sale prices than Chengen, Bayley's full U.S. sales database, and additional commercial invoices of companies found to be eligible for a separate rate.[37] The Court concluded that because Commerce selectively analyzed the invoice data while ignoring other potentially contrary record evidence, Commerce's determination was not supported by substantial evidence.[38] On remand, the Court suggested that Commerce might choose to

---

[35] *See Final Redetermination III* at 16-17 (identifying the company that provided the basis for the Petition rates (Petition SRA Exporter) and citing the January 17, 2017, separate rate application that supports the prices in the Petition (Petition Rate SRA)).
[36] *See Final Redetermination IV* at 9-12.
[37] *See Remand Order V* at 26-27.
[38] *Id.* at 27.

examine whether other evidence on the record supports a lower rate after the applicable rates are averaged but advised Commerce not to submit the same rate of 57.36 percent to the Separate Rate Plaintiffs for a fourth time.[39]

### B.    Analysis

As we have previously explained, the prices that formed the basis for the dumping margins in the Petition are tethered to the actual dumping margins of the Separate Rate Plaintiffs and are supported by actual prices at which plywood was sold by cooperating separate rate companies in this investigation.[40]  Despite all of the record evidence indicating that dumping margins existed above the rate calculated for Chengen and as high as, or higher than, the highest petition rate, the Court has rejected our reasoned method of determining the separate rate in this investigation as unfair and unduly punitive.  The Court further advised Commerce not to submit the same 57.36 percent rate again to the Separate Rate Plaintiffs without new, substantial evidence.  Although the Court suggests that "Commerce might choose to examine whether other evidence on the record supports a lower rate after the applicable rates are averaged,"[41] the record does not contain alternative data that would result in a lower rate that would also be in accordance with our practice and the law.  As explained above, we have previously examined all other sources of data on the record and have concluded that 57.36 percent is the appropriate separate rate.  However, the Court has determined this rate is unreasonable.

We have identified a "reasonable basis for concluding that the separate rate respondents' dumping is different"[42] than the mandatory respondent's dumping, and this Court agreed with

---

[39] *Id.* at 28.
[40] *See Final Redetermination III* at 16-24; and *Final Redetermination IV* at 27-34.
[41] *See Remand Order V* at 27-28.
[42] *See, e.g., Albemarle Corp. & Subsidiaries v. United States*, 821 F.3d 1345, 1353 (Fed. Cir. 2016).

our analysis.[43]  However, the Court has rejected what we maintain is a reasonable method for determining the margin for the Separate Rate Plaintiffs, *i.e.*, averaging Chengen's rate with the China-wide rate (which includes mandatory respondent Bayley) – the only two rates assigned to parties in this proceeding.  This Court has agreed that Chengen's rate is not representative of the Separate Rate Plaintiffs on the one hand, but has rejected the average of the two "bookend" margins that are supported by the record.  Because no other rates are supported by the record, and the Court has advised Commerce not to submit the 57.36 percent rate without new, substantial evidence in support, we are left with no viable alternative but to assign Chengen's zero percent rate to the Separate Rate Plaintiffs.  Despite our conclusion that Chengen's margin is not representative of the Separate Rate Plaintiffs' dumping, we find that this is the only option available that is based on record evidence and still in compliance with the Court's *Remand Order V*.  Accordingly, we are, under protest, assigning to the Separate Rate Plaintiffs Chengen's rate of zero percent.  In addition, consistent with other rulings by the courts,[44] we intend to exclude the companies that requested voluntary respondent status and submitted all questionnaire responses, *i.e.*, Jiangyang Wood and Dehua TB, from the *Order*.

## III.    COMMENTS FROM INTERESTED PARTIES

As noted above, on February 21, 2023, Commerce released the Draft Remand and invited parties to comment.  The petitioner, Cosco Star, Taraca Pacific, and Voluntary Respondent Plaintiffs submitted comments on the Draft Remand.  These comments are addressed below.

---

[43] *See Remand Order III.*
[44] *See Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781 (Fed. Cir. 2020) (*Changzhou Hawd 2020*).

**Issue 1: Separate Rate**

*Petitioner's Comments:*[45]

- Commerce and the Court have confirmed that the record does not support a margin of zero percent for the Separate Rate Plaintiffs.
- Commerce has now reversed course but has not pointed to any record information that undermines its prior conclusion or supports a finding that Chengen's margin is reasonably reflective of the Separate Rate Plaintiffs' dumping.
- Commerce's decision is not supported by substantial evidence and is rather undermined by record evidence already reviewed and analyzed by Commerce and the Court.
- The Court did not modify its prior finding that Chengen's zero percent margin was not representative or indicate that an above *de minimis* margin would not be supported; the Court instead suggested that Commerce consider other non-*de minimis* margins.[46]
- Commerce's application of a zero percent, non-representative, margin cannot be applied on the basis of no record evidence.
- There is other information on the record that Commerce can use to calculate an above *de minimis* margin.
- Although Commerce has not used the proposed calculations in the past, and the petitioner does not propose that these approaches be implemented as part of a normal practice, the Act directs Commerce in situations such as this to use "any reasonable method" to determine the margin for non-individually examined companies.[47]
- The alternative margin calculation options provided below lend further support to Commerce's prior determination to assign 57.36 percent and make clear that the record does not support applying a zero percent margin to the Separate Rate Plaintiffs:
  - **Option 1:**
    **Normal value (NV)**: a simple average of the petition NV and Chengen's NV.
    **U.S. price (USP):** weight-average unit values (AUVs) reported in quantity and value (Q&V) submissions from all separate applicants adjusted by the weighted average selling expense adjustments reported by Chengen.
    **Margin:** 10.06 percent[48]
  - **Option 2:**
    **NV:** NV based on the petition NV only.
    **USP:** USP based on Q&V AUVs without any selling expense adjustments.
    **Margin:** 57.08 percent[49]
  - **Option 3:** Weight-average the "bookend margins" by assigning zero to those separate rate applicants with a Q&V AUV above Chengen's weighted average sale price, and the petition margin of 114.72 percent to those Q&V AUVs below Chengen's weighted average sale price.
    **Margin:** 44.15 percent[50]

---

[45] *See* Petitioner's Comments at 2-11.
[46] *Id.* at 5 (citing to *Remand Order V* at 28).
[47] *Id.* at 7 (citing to section 735(c)(5)(B) of the Act).
[48] *Id.* at 8-10.
[49] *Id.* at 10. The petitioner notes that this margin is consistent with the 57.36 percent margin calculated by Commerce and assigned to the Separate Rate Plaintiffs.
[50] *Id.* at 10-11.

○ **Option 4:**
**NV:** Product-specific NVs for Chengen and from the petition.
**USP:** Sales documentation provided by all separate rate applicants. Where specific products are identified, match to product-specific NVs for Chengen and the petition. Where products include some matching details but not all, use an average of the matching models for NV from Chengen and the petition.
**Margin:** 10.52 percent[51]

*Cosco Star's Comments*[52]
- Commerce should issue its final results consistent with the Draft Results.
- Commerce's list of companies to which the revised margin apply is incomplete because Cosco Star is an exporter litigant but is not included in Commerce's list.
- Commerce should include Cosco Star in its list of exporters assigned a zero percent margin in the final remand results.

*Taraca Pacific's Comments*[53]
- Commerce's recalculation is appropriate because Commerce acknowledges that Chengen's zero percent margin "is the only remaining alternative on the record."
- Given its acknowledgment there is no basis for Commerce to claim that it is applying the zero percent margin "under protest," Commerce should eliminate its reference to the redetermination being made under protest for the final remand results.

**Commerce's Position:**

For these final results of redetermination, Commerce is not making any changes to its determination to assign to the Separate Rate Plaintiffs the rate calculated for Chengen. As explained above, while Commerce and the Court have both found Chengen's rate to be unrepresentative of the potential dumping of the Separate Rate Plaintiffs, the Court has struck down Commerce's alternative methodology as unreasonable as applied.[54] Accordingly, we are complying with the Court's order under respectful protest. We thus reject Taraca Pacific's request for Commerce to remove the important point that it is assigning this margin under protest.

---

[51] *Id.* at 11.
[52] *See* Cosco Star's Comments.
[53] *See* Taraca Pacific's Comments.
[54] *See Remand Order V* at 27-28.

We agree with the petitioner that the zero percent margin we are assigning to the Separate Rate Plaintiffs under protest for purposes of this final redetermination is not supported by the record, the law, or our practice and is simply the only margin remaining on the record that Commerce has not applied to the Separate Rate Plaintiffs—with all reasonable alternatives having been rejected by the Court. Although the Court states that Commerce selectively analyzed certain data while ignoring other contrary evidence in finding that the 57.36 percent margin was the reasonable margin to assign to the Separate Rate Plaintiffs, we disagree. We note that the Court appears to adopt the Separate Rate Plaintiffs' arguments, which were misleading and relied on unsupported assertions.[55] Thus, although Commerce does not intend to reweigh the facts, because we believe the facts speak for themselves and support the conclusions of *Redetermination IV*, it is necessary in the interest of fairness and accuracy to respond to the statements by the Separate Rate Plaintiffs, and reiterated by the Court, that are clearly not supported by the record.

Regarding the statement that Commerce "ignored other potentially contrary record evidence, including potential evidence that the Petition SRA Exporter sold the same plywood for prices higher than the price upon which the Petition rate is based," an examination of the record evidence demonstrates that this argument by the Separate Rate Plaintiffs is without merit. Additional sales documentation provided by the Petition SRA Exporter demonstrates that it sold the same plywood only at prices almost identical to, **or lower than,** the prices upon which the petition rates are based. An analysis of all POI transactions by the Petition SRA Exporter that are on the record of this investigation clearly supports this conclusion.[56]

---

[55] *Id.* at 26-27.
[56] *See* Petition Rate SRA at Exhibit 1; Petition SRA Exporter's Letter dated May 19, 2017, at Exhibit S-5.

13

With respect to Taraca Pacific's assertion, adopted in the Court's opinion, that Commerce ignored invoices from 40 Separate Rate Plaintiffs showing a variety of prices, some that were higher than Chengen's, we disagree that we ignored such invoices. In *Redetermination III*, we provided a detailed analysis of the commercial invoices submitted by the Separate Rate Plaintiffs in their separate rate applications.[57] It is clear from that analysis that the invoices submitted by the Separate Rate Plaintiffs are for a variety of products that are described in sometimes vague terms such as simply "plywood" or only in Chinese characters.[58] While the single commercial invoices submitted in the separate rate applications may indicate prices higher than Chengen's prices, we note that the appropriate comparison is between prices of specific plywood products and those sold by the Petition SRA Exporter that resulted in the petition rates. Thus, a price on a commercial invoice for "plywood" serves little utility in determining whether it was higher or lower than Chengen's or the Petition SRA Exporter's prices. Moreover, the existence of prices for identical products higher than the Petition SRA Exporter does not indicate that such sales were not dumped, only that they were made at prices resulting in margins somewhere between zero and the petition rates.

Accordingly, the prices that formed the basis for the dumping margins in the Petition are tethered to the actual dumping margins of the Separate Rate Plaintiffs and are supported by actual prices at which plywood was sold by cooperating separate rate companies in this investigation. Despite all of the record evidence indicating that dumping margins existed above the rate calculated for Chengen and as high as, or higher than, the highest petition rate, the Court has rejected our reasoned method of determining the separate rate in this investigation as unfair and unduly punitive and we see no other information on the record than the sole calculated

---

[57] *See Redetermination III* at Attachment I.
[58] *Id.*

margin of zero percent that we could reasonably apply as the margin for the Separate Rate Plaintiffs.

Although we appreciate the petitioner's creative attempts to determine other methodologies to calculate a separate rate, we disagree that these methodologies are more appropriate than the 57.36 percent margin, which we maintain is the appropriate alternative to the accurate margin calculated in the underlying investigation. Specifically, we do not agree that a methodology relying on Q&V AUVs as the basis for USP is superior to the methodology we applied in *Redetermination III* and *Redetermination IV*. Commerce carefully considered the record evidence in support of its calculation of the 57.36 percent margin based on comparisons of the petition data and the separate rate applicants' actual selling behavior during the POI. In doing so, we intentionally compared prices and costs for products that we could identify as identical products due to often significant differences in pricing behaviors from product to product.[59] However, although Q&V data provides a global average view of a company's selling behavior, it does so without regard to product mix, which can be significant in some cases.

Although the petitioner's option 4 remedies some of Commerce's concerns regarding specificity by attempting to match similar products to the corresponding NVs, this methodology also suffers flaws that we have addressed in earlier redeterminations in this proceeding. In demonstrating that Chengen's selling behavior is not reflective of the Separate Rate Plaintiffs' potential selling behavior, and, thus, not reflective of their estimated dumping during the POI, Commerce pointed to known differences between Chengen and the Separate Rate Plaintiffs. Specifically, Commerce identified factors that distinguished Chengen and the Separate Rate Plaintiffs and stated that these differences introduce a completely different cost structure from

---

[59] *See, e.g., Remand Redetermination III* at 18-19 and 22; *Remand Redetermination IV* at 31-33.

that of a company such as Chengen.[60]  This makes any comparison between the selling price of

such companies and NV based on Chengen's data unreliable and, likely, unrepresentative of the

Separate Rate Plaintiffs' potential dumping.  Accordingly, we do not agree that the petitioner's

option 4 presents a more accurate alternative to the appropriate margin of 57.36 percent that we

applied to the Separate Rate Plaintiffs in *Redetermination III* and *IV*.

With respect to Cosco Star's comment that it was not included, and should have been, in

Commerce's list of companies to which the revised rate we determine here should be applied, we

agree and included the exporter/producer combinations assigned to Cosco Star International Co.,

Ltd., in the investigation in the Attachment.

Accordingly, we decline to apply any of the petitioner's proposed alternative

methodologies for purposes of this final remand redetermination and continue to select, under

protest, Chengen's unrepresentative margin of zero percent as the margin assigned to the

Separate Rate Plaintiffs, including Cosco Star.

## Issue 2:  Voluntary Respondents

*Voluntary Respondent Plaintiffs' Comments*[61]

- In the Draft Remand, Commerce stated that it intended to exclude two parties that requested voluntary respondent status and that submitted all questionnaire responses, consistent with *Changzhou Hawd*.
- To be consistent with *Changzhou Hawd*, Commerce must also exclude the Voluntary Respondent Plaintiffs, which requested to be voluntary respondents.[62]
- In *Changzhou Hawd*, the Court ordered Commerce to exclude all companies that requested to be voluntary respondents.
- As in *Changzhou Hawd*, Commerce declined to select any voluntary respondents in this investigation, as it continually does, and then is faced with a situation with one AFA rate and one *de minimis* rate.  This results in penalizing the separate rate companies by including the AFA rate in the separate rate or by continuing to include these companies under the order despite no evidence of dumping.

---

[60] *See Redetermination III* at 19-20 and 22-24.
[61] *See* Voluntary Respondent Plaintiffs' Comments.
[62] *Id.* at 2 (citing to *Changzhou Hawd Flooring Co. v. United States*, 324 F. Supp. 3d 1317, 1326-1328 (CIT 2018) (*Changzhou Hawd 2018*)).

- The Court recognized the unfairness of this situation and in *Changzhou Hawd*, ordered Commerce to exclude all companies that requested voluntary respondent treatment when they were assigned the cooperating respondents' zero margin. The Court made no distinction between those companies that filed full responses and those that did not. On appeal, the Court of Appeals for the Federal Circuit (CAFC) found no error in the CIT's judgement on this matter.[63]
- Although the CAFC stated that Commerce may yet provide justification for retaining voluntary respondents in such situations, Commerce must address the unfairness and arbitrariness of not excluding voluntary applicants from the order.
- Voluntary Respondent Plaintiffs have gone through five years of litigation and the only equitable relief is exclusion.
- Commerce should conclude that because it limited respondent selection and chose not to accept any voluntary respondents it must now exclude Linyi Sanfortune Wood Co., Ltd and Xuzhou Longyuan Wood Industry Co., Ltd, from the *Order*.

*Petitioner's Comments:*[64]
- Although Commerce cited to *Changzhou Hawd 2020* for support in the Draft Remand when stating its intent to exclude Dehua TB and Jiangyang Wood, the CAFC expressly left the door open for Commerce to further explain why it would be appropriate to include such companies in the *Order*.
- Neither the CIT nor the CAFC have found that Commerce must exclude companies that requested voluntary respondent status treatment, only that Commerce had failed to justify its inclusion of such companies in the multilayered wood flooring investigation.[65]
- Since the *Changzhou Hawd* rulings, Commerce has offered a detailed explanation why it is appropriate to include companies that request voluntary treatment regardless of whether they are assigned a *de minimis* margin.[66]
- In *PVLT Tires from Vietnam*, Commerce noted the differences between companies that receive *de minimis* margins based on individual examination and those assigned a *de minimis* margin but are not individually examined. Commerce also highlighted its longstanding policy to only exclude companies assigned a *de minimis* margin that have been individually investigated.
- Importantly, in *PVLT Tires from Vietnam,* Commerce considered and addressed the CAFC's ruling in *Changzhou Hawd 2020* and stated that the CAFC limited its decision to that case and provided Commerce the freedom to articulate its position in a later case.
- In *PVLT Tires from Vietnam*, Commerce found that there was no meaningful difference between separate rate companies that requested voluntary treatment and those that did not because none of them had undergone individual examination.
- Commerce addressed concerns raised by the CIT in *Changzhou Hawd 2018* in *PVLT Tires from Vietnam*, noting that the statute explicitly permits Commerce to limit its examination of voluntary respondents.

---

[63] *Id.* at 3 (citing to *Changzhou Hawd 2020*, 947 F. 3d at 794).
[64] *See* Petitioner's Draft Comments at 12-16.
[65] *Id.* at 13 (citing to *Changzhou Hawd 2020*).
[66] *Id.* at 14 (citing to *Passenger Vehicle and Light Truck Tires from the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value*, 86 FR 28559 (May 27, 2021) (*PVLT Tires from Vietnam*), and accompanying IDM at 14-24).

- Commerce stated that submission of the initial questionnaire does not make voluntary companies more like the mandatory respondents than it makes them like the other separate rate respondents, noting that their behavior is often different from the mandatory respondents.
- While Dehua TB and Jiangyang Wood submitted responses to the initial questionnaire, they did not undergo individual examination and were not subject to the same scrutiny and investigation as an individually examined company.
- Commerce has no basis to determine that these companies were not dumping based solely on their submission of voluntary responses.
- Consistent with *PVLT Tires from Vietnam*, Commerce should decline to exclude Jiangyang Wood and Dehua TB from the *Order*.

**Commerce's Position:**

We disagree that any modification to our Draft Remand is warranted for these final results of redetermination. Accordingly, we decline to exclude those companies that merely *requested* treatment as voluntary respondents and only intend to exclude those companies that requested voluntary respondent treatment *and* supplied full questionnaire responses.

As an initial matter, we note that the CAFC, in upholding an earlier judgement stated that the CIT "concluded that Commerce had not adequately justified keeping under the order a zero-rate firm that had supplied full questionnaire responses and sought, but was denied, the opportunity to provide evidence that it was not engaged in dumping."[67] Accordingly, this determination is supported by determinations of the CAFC. In addition, we agree with the petitioner that the CAFC ruling in *Changzhou Hawd 2020* does not compel Commerce to exclude all companies that requested voluntary status but that it would review any further explanation provided by Commerce at that time.

Specifically, in *Changzhou Hawd 2020*, the CAFC ruled that nothing in the Act requires Commerce to exclude separate rate firms not individually investigated that are assigned a rate of

---

[67] *See Changzhou Hawd 2020*, 947 F. 3d at 786 (citing *Changzhou Hawd 2018*, 324 F. Supp. 3d at 1326-1327).

zero percent.[68]  In affirming Commerce's decision not to exclude non-individually examined separate-rate firms as a reasonable interpretation of the statute, the CAFC explained:

> A calculated "separate rate" is not itself a "weighted average dumping margin" under the statutory definition; it is not determined by the dumping margins or export prices for the "specific exporter or producer" to which that rate is applied.  Even if we assume that it is clear that individually reviewed firms with *de minimis* dumping margins must be excluded from all obligations under an antidumping duty order, the statute does not speak with any clarity to conferring the same benefit on non-individually reviewed firms assigned a *de minimis* dumping margin or zero rate.[69]

However, with respect to voluntary respondent firms, the CAFC concluded that the Act does not unambiguously require the inclusion of such companies under the *Order*.[70]  Moreover, the CAFC noted a limitation on its decision, stating that Commerce had not, in that particular proceeding, provided a sufficient rationale for continuing to include the voluntary respondent firms in the order and that:

> {I}t remains open to Commerce in the future, should the issue arise, to address this issue more fully than it has done in this investigation. We do not prejudge the reasonableness of any justification Commerce might yet articulate for deciding to include voluntary-review firms in an antidumping-duty order.[71]

When Commerce lawfully limited examination of respondents in this investigation, we notified parties that, "{i}f a voluntary response is submitted in accordance with section 782(a) of the Act and 19 CFR 351.204(d)," Commerce would evaluate the circumstances to determine whether Commerce could examine another respondent or respondents in addition to the two mandatory respondents.[72]  When Commerce limits the number of exporters examined in an investigation pursuant to section 777A(c)(2)of the Act, section 782(a) of the Act directs Commerce to calculate individual weighted-average dumping margins for companies not initially

---

[68] *Id.*, 947 F.3d at 790-791.
[69] *Id.*
[70] *Id.* at 793-794
[71] *Id.* at 794.
[72] *See* Memorandum, "Respondent Selection," dated January 9, 2017, at 7-8.

selected for individual examination who voluntarily provide the information requested of the mandatory respondents if: (1) the information is submitted by the due date specified for exporters or producers initially selected for examination; and (2) the number of such companies that have voluntarily provided such information is not so large that individual examination would be unduly burdensome and inhibit the timely completion of the investigation. Crucially, section 782(a)(1) of the Act applies to a party "who submits to the administering authority the information requested from exporters or producers selected for examination." In the underlying investigation, Commerce ultimately provided a detailed analysis explaining why it could not examine any voluntary respondents in this investigation.[73]

Only two companies met this requirement to even be considered for voluntary respondent status, Dehua TB and Jiangyang Wood, while Voluntary Respondent Plaintiffs Sanfortune and Longyuan merely submitted requests to be considered voluntary respondents. These two-page requests were virtually identical in content and required no commitment or effort on behalf of these companies.[74] Indeed, the requests were not even certified by the companies or their representatives.[75] In contrast, those companies that met the requirement for consideration as voluntary respondents submitted hundreds of pages of questionnaire responses and supporting documentation, as well as sales and factor of production databases.[76] Thus, we believe there is a significant difference between those companies that merely submit a brief statement requesting to be selected as a voluntary respondent and those companies that provide complete questionnaire responses by the deadlines established for the mandatory respondents, such that

---

[73] *See* Memorandum "Selection of Voluntary Respondent," dated April 4, 2017.
[74] *See* Longyuan's Letter, "Request for Treatment as Mandatory Respondent or Request for Voluntary Respondent Treatment as an alternative," dated December 9, 2016; Sanfortune's Letter, "Request for Treatment as Mandatory Respondent or Request for Voluntary Respondent Treatment as an alternative," dated December 9, 2016.
[75] *Id.*
[76] *See*, *e.g.*, Jiangyang Wood's Section A Response dated February 13, 2017, Section C Response dated February 28, 2017, and Section D Response dated February 28, 2017.

Commerce has the information before it to potentially select them as voluntary respondents and still complete the investigation without undue delay.

Although we recognize that Commerce previously stated that it would not exclude companies that requested voluntary status and submitted all questionnaire responses in *PLVT Tires from Vietnam*, that investigation was terminated by the International Trade Commission and did not result in an antidumping duty order.[77] Therefore, our determination was never implemented or subjected to judicial review. However, we agree with many of the conclusions reached in that investigation. Namely, that excluding companies that simply filed a perfunctory request for voluntary status would allow for would-be voluntary respondents to ride on the coattails of mandatory respondents, allowing such companies to reap the same exclusion benefit as companies who expended the time and resources to undergo individual examination or file full questionnaire responses to demonstrate their lack of dumping, with minimal effort. Limiting exclusion to companies that expended more than a minimal effort to demonstrate that they are not dumping is the more reasonable approach than excusing all companies merely requesting voluntary respondent status from the discipline of the *Order*.

Accordingly, for these final results of redetermination, although we are assigning a zero percent dumping margin to the Separate Rate Plaintiffs under protest, we intend to exclude the voluntary respondent firms that requested voluntary respondent status and submitted all initial questionnaire responses, Dehua TB and Jiangyang Wood, from the *Order*.

## IV.    FINAL RESULTS OF REDETERMINATION

Based on the foregoing, and pursuant to the CIT's *Remand Order V*, we are applying Chengen's zero percent rate to the Separate Rate Plaintiffs. In addition, we intend to exclude

---

[77] *See Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam*, 86 FR 37764 (July 16, 2021).

from the *Order* the exporter/producer combinations assigned to the two companies that provided

all information required to be eligible for consideration as voluntary respondents, as shown

below.

| Exporter | Producer | Estimated Dumping Margin (Percent) | Cash Deposit Rate (Percent) |
|---|---|---|---|
| Linyi Chengen Import and Export Co., Ltd. | Linyi Dongfangjuxin Wood Co., Ltd. | 0.00 | N/A |
| Xuzhou Jiangyang Wood Industries Co., Ltd. | Xuzhou Jiangyang Wood Industries Co., Ltd. | 0.00 | N/A |
| Zhejiang Dehua TB Import & Export Co., Ltd. | Dehua TB New Decoration Material Co., Ltd | 0.00 | N/A |
| Zhejiang Dehua Tb Import & Export Co., Ltd. | Zhangjiagang Jiuli Wood Co., Ltd. | 0.00 | N/A |
| Separate Rate Litigants[78] | | 0.00 | 0.00 |
| China-Wide Entity[79] | | 114.72 | 114.72 |

3/16/2023

X 

Signed by: LISA WANG

Lisa W. Wang
Assistant Secretary
  for Enforcement and Compliance

---

[78] *See* Attachment for the exporter/producer combinations whose rates we are revising.
[79] The China-wide entity includes mandatory respondent, Shandong Dongfang Bayley Wood Co., Ltd.

# Attachment

## ***Public Information***

All case numbers associated with exporter litigants + all exporter/producer combinations enjoined by importer litigants - duplicates removed without regard to importer.

| Company Case # | Exporter Name | Manufacturer Name |
|---|---|---|
| A570051001 | LINYI CHENGEN IMPORT AND EXPORT CO., LTD. | LINYI DONGFANGJUXIN WOOD CO., LTD. |
| A570051002 | ANHUI HODA WOOD CO., LTD. | FEIXIAN JIANXIN BOARD FACTORY |
| A570051003 | ANHUI HODA WOOD CO., LTD. | LINYI XICHENG WOOD CO., LTD |
| A570051004 | ANHUI HODA WOOD CO., LTD. | LINYI LONGXIN WOOD CO., LTD |
| A570051005 | ANHUI HODA WOOD CO., LTD. | FENGXIAN JIHE WOOD CO., LTD |
| A570051006 | ANHUI HODA WOOD CO., LTD. | XUZHOU CHUNYIYANG WOOD CO., LTD. |
| A570051007 | ANHUI HODA WOOD CO., LTD. | LINYI LANSHAN DISTRICT XIANGFENG DECORATIVE BOARD FACTORY |
| A570051008 | ANHUI HODA WOOD CO., LTD. | LINYI LANSHAN DISTRICT FUBAI WOOD BOARD FACTORY |
| A570051009 | ANHUI HODA WOOD CO., LTD. | SHANDONG JUBANG WOOD CO., LTD. |
| A570051010 | ANHUI HODA WOOD CO., LTD. | FEIXIAN SHANGYE TOWN MINGDA MULTI-LAYERED BOARD FACTORY |
| A570051011 | ANHUI HODA WOOD CO., LTD. | XUZHOU DAYUAN WOOD CO., LTD. |
| A570051012 | ANHUI HODA WOOD CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
| A570051013 | ANHUI HODA WOOD CO., LTD. | LINYI RENLIN WOOD CO., LTD |
| A570051014 | CELTIC CO., LTD. | LINYI CELTIC WOOD CO., LTD. |
| A570051015 | CELTIC CO., LTD. | PINYI FUHUA WOOD CO., LTD. |
| A570051023 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI HUASHENG YONGBIN WOOD CORP. |
| A570051024 | COSCO STAR INTERNATIONAL CO., LTD. | SUINING PENGXIANG WOOD CO., LTD. |
| A570051025 | COSCO STAR INTERNATIONAL CO., LTD. | PIZHOU JIANGSHAN WOOD CO., LTD. |
| A570051026 | COSCO STAR INTERNATIONAL CO., LTD. | SHANDONG UNION WOOD CO. LTD |
| A570051027 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI SANFORTUNE WOOD CO. LTD |
| A570051028 | COSCO STAR INTERNATIONAL CO., LTD. | SHANDONG ANXIN TIMBER CO., LTD |
| A570051029 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI EVERGREEN WOOD CO., LTD |
| A570051030 | COSCO STAR INTERNATIONAL CO., LTD. | SHANDONG HUAXIN JIASHENG WOOD CO., LTD |
| A570051031 | COSCO STAR INTERNATIONAL CO., LTD. | XUZHOU SHENGHE WOOD CO., LTD. |
| A570051032 | COSCO STAR INTERNATIONAL CO., LTD. | PINGYI JINNIU WOOD CO., LTD |
| A570051033 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI CELTIC WOOD CO., LTD |
| A570051034 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI LAIYI TIMBER INDUSTRY CO., LTD |

| | | |
|---|---|---|
| A570051035 | COSCO STAR INTERNATIONAL CO., LTD. | FEIXIAN HONGQIANG WOOD CO., LTD |
| A570051036 | COSCO STAR INTERNATIONAL CO., LTD. | FEIXIAN XINGYING WOOD CO., LTD. |
| A570051037 | COSCO STAR INTERNATIONAL CO., LTD. | LINYI CITY LANSHAN DISTRICT FUBO WOOD FACTORY |
| A570051043 | Golder International Trade Co., Ltd | Fengxian Fangyuan Wood Co., Ltd |
| A570051053 | Huaian Mengping Import and Export Co., Ltd | Linyi Qianfeng Panel Factory Co., Ltd. |
| A570051060 | Jiangsu Top Point International Co., Ltd. | Linyi Jinkun Wood Co., Ltd. |
| A570051061 | Jiangsu Top Point International Co., Ltd. | Feixian Huafeng Wood Co., Ltd. |
| A570051063 | Jiangsu Top Point International Co., Ltd. | Feixian Fuyang Plywood Factory |
| A570051067 | JIAXING GSUN IMP. & EXP. CO., LTD | FENGXIAN HENGYUAN WOOD INDUSTRY CO., LTD. |
| A570051068 | JIAXING GSUN IMP. & EXP. CO., LTD | FEIXIAN JUNYANG WOOD INDUSTRY CO., LTD. |
| A570051069 | JIAXING GSUN IMP. & EXP. CO., LTD | FEIXIAN JUNBANG WOOD FACTORY |
| A570051070 | JIAXING GSUN IMP. & EXP. CO., LTD | LINYI CITY LANSHAN DISTRICT MINGDA WOOD FACTORY |
| A570051071 | JIAXING GSUN IMP. & EXP. CO., LTD | FEIXIAN HONGYUN WOOD FACTORY |
| A570051072 | JIAXING GSUN IMP. & EXP. CO., LTD | LINYI CITY LANSHAN DISTRICT XIANGFENG WOOD DECORATION FACTORY |
| A570051073 | JIAXING GSUN IMP. & EXP. CO., LTD | SHANDONG JUBANG WOOD CO., LTD |
| A570051074 | JIAXING GSUN IMP. & EXP. CO., LTD | FEIXIAN YIXIN WOOD PROCESSING FACTORY |
| A570051075 | JIAXING GSUN IMP. & EXP. CO., LTD | PIZHOU WANTAI WOOD INDUSTRY CO., LTD. |
| A570051076 | JIAXING GSUN IMP. & EXP. CO., LTD | FEIXIAN FENGXIANG WOOD PROCESSING FACTORY |
| A570051077 | JIAXING GSUN IMP. & EXP. CO., LTD | SHANDONG COMPETE WOOD CO., LTD. |
| A570051078 | JIAXING GSUN IMP. & EXP. CO., LTD | LINYI KUNYU PLYWOOD FACTORY |
| A570051079 | JIAXING HENGTONG WOOD CO., LTD. | JIAXING HENGTONG WOOD CO., LTD. |
| A570051082 | Lianyungang Yuantai International Trade Co., Ltd. | Xinyi Chaohua Wood Co., Ltd. |
| A570051083 | Lianyungang Yuantai International Trade Co., Ltd. | Linyi Huasheng Yongbin Wood Corp |
| A570051087 | Lianyungang Yuantai International Trade Co., Ltd. | Linyi City Lanshan District Fubo Wood Factory |
| A570051088 | Lianyungang Yuantai International Trade Co., Ltd. | Fei County Hongsheng Wood Co., Ltd. |
| A570051089 | Lianyungang Yuantai International Trade Co., Ltd. | Xuzhou Hongwei Wood Co., Ltd. |
| A570051090 | Lianyungang Yuantai International Trade Co., Ltd. | Pizhou Jinguoyuan Wood Co., Ltd. |
| A570051091 | Lianyungang Yuantai International Trade Co., Ltd. | Feixian Wanda Wood Co., Ltd. |
| A570051094 | Lianyungang Yuantai International Trade Co., LTD. | Linyi City Lanshan District Fuerda Wood Factory |
| A570051097 | Lianyungang Yuantai International Trade Co., Ltd. | Shandong Jubang Wood Co., Ltd. |
| A570051100 | Lianyungang Yuantai International Trade Co., Ltd. | Feixian Hongyun Wood Factory |
| A570051101 | Lianyungang Yuantai International Trade Co., Ltd. | Linyi City Lanshan District Xiangfeng Wood Decoration Factory |

| | | |
|---|---|---|
| A570051102 | Lianyungang Yuantai International Trade Co., Ltd. | Linyi Renlin Wood Industry Co., Ltd. |
| A570051103 | Lianyungang Yuantai International Trade Co., Ltd. | Linyi City Lanshan District Mingda Wood Factory |
| A570051104 | Linyi City Dongfang Fukai Wood Industry Co., Ltd. | Linyi City Dongfang Fukai Wood Industry Co., Ltd. |
| A570051105 | Linyi City Dongfang Jinxin Economic and Trade Co., Ltd. | Linyi City Dongfang Jinxin Economic and Trade Co., Ltd. |
| A570051106 | Linyi City Shenrui International Trade Co., Ltd. | Linyi City Dongfang Fuchao Wood Co., Ltd. |
| A570051108 | Linyi Dahua Wood Co., Ltd. | Linyi Dahua Wood Co., Ltd. |
| A570051109 | LINYI EVERGREEN WOOD CO., LTD. | LINYI EVERGREEN WOOD CO., LTD. |
| A570051110 | LINYI GLARY PLYWOOD CO., LTD. | LINYI GLARY PLYWOOD CO., LTD. |
| A570051111 | LINYI HENGSHENG WOOD INDUSTRY CO., LTD. | LINYI HENGSHENG WOOD INDUSTRY CO., LTD. |
| A570051112 | LINYI HUASHENG YONGBIN WOOD CO., LTD. | LINYI HUASHENG YONGBIN WOOD CO., LTD. |
| A570051113 | LINYI JIAHE WOOD INDUSTRY CO., LTD. | LINYI JIAHE WOOD INDUSTRY CO., LTD. |
| A570051114 | LINYI LINHAI WOOD CO., LTD. | LINYI LINHAI WOOD CO., LTD. |
| A570051115 | LINYI MINGZHU WOOD CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
| A570051116 | LINYI SANFORTUNE WOOD CO., LTD. | LINYI SANFORTUNE WOOD CO., LTD. |
| A570051118 | Pingyi Jinniu Wood Co., LTD. | Pingyi Jinniu Wood Co., LTD. |
| A570051122 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | LINYI FUBO WOOD CO., LTD |
| A570051123 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | LINYI TUOPU ZHIXIN WOODEN INDUSTRY CO., LTD |
| A570051124 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | LINYI HAISEN WOOD CO., LTD |
| A570051125 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | LINYI JUBANG WOOD CO., LTD |
| A570051126 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | XUZHOU CHANGCHENG WOOD CO., LTD |
| A570051127 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | XUZHOU JINGUOYUAN WOOD CO., LTD |
| A570051128 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | XUZHOU XUEXIN WOOD CO., LTD |
| A570051129 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | ANHUI FUYANG QINGLIN WOOD PRODUCTS CO., LTD |
| A570051130 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | ANHUI HUIJIN WOOD CO., LTD |
| A570051131 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | ANHUI LINGFENG WOOD CO., LTD |
| A570051132 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | SUZHOU DONGSHENG WOOD CO., LTD |
| A570051133 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | PIZHOU ZHONGXIN WOOD CO., LTD |
| A570051134 | QINGDAO GOOD FAITH IMPORT AND EXPORT CO., LTD. | XUZHOU SPRING ART YANG WOOD INDUSTRY CO., LTD |
| A570051136 | Qingdao Top P&Q International Corp. | Yutai Zezhong Wood Products Co., Ltd. |
| A570051140 | Qingdao Top P&Q International Corp. | Feixian Tanyi Youchengjiafu Wood Products Co., Ltd |
| A570051144 | Qingdao Top P&Q International Corp. | Linyi Qianfeng Wood Products Co., Ltd. |
| A570051147 | Qingdao Top P&Q International Corp. | Xuzhou Chunyiyang Wood Products Co. Ltd |

| A570051150 | Qingdao Top P&Q International Corp. | Linyi Longxin Wood Products Co., Ltd. |
| A570051151 | Qingdao Top P&Q International Corp. | Linyi Lanshan Wanmei Wood Factory |
| A570051154 | Qingdao Top P&Q International Corp. | Di Birch Wood Industry Co., Ltd |
| A570051155 | Qingdao Top P&Q International Corp. | Shandong Junxing Wood Products Co., Ltd. |
| A570051160 | Qingdao Top P&Q International Corp. | Anhui Qinglin Wood Products Co., Ltd. |
| A570051166 | Qingdao Top P&Q International Corp. | Linyi Fuerda Wood Products Co., Ltd. |
| A570051167 | Qingdao Top P&Q International Corp. | Fengxian Shuangxingyuan Wood Co., Ltd. |
| A570051194 | SHANDONG QISHAN INTERNATIONAL TRADING CO., LTD | LINYI TUOPU ZHIXIN WOODEN INDUSTRY CO., LTD. |
| A570051213 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI JINGHUA WOOD INDUSTRY CO., LTD. |
| A570051214 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI LIANBANG WOOD INDUSTRY CO., LTD. |
| A570051215 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI HUADA WOOD INDUSTRY CO., LTD. |
| A570051216 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI JINKUN WOOD INDUSTRY CO., LTD. |
| A570051217 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI YUQIAO BOARD FACTORY |
| A570051218 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI LAITE BOARD FACTORY |
| A570051219 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI TUOPU ZHIXIN WOODEN INDUSTRY CO., LTD. |
| A570051220 | SHANGHAI FUTUWOOD TRADING CO., LTD. | FEIXIAN HUAFENG WOOD INDUSTRY CO., LTD. |
| A570051221 | SHANGHAI FUTUWOOD TRADING CO., LTD. | XUZHOU SHUANGXINGYUAN WOOD INDUSTRY CO., LTD. |
| A570051222 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI YOUCHENG JIAFU WOOD INDUSTRY CO., LTD. |
| A570051223 | SHANGHAI FUTUWOOD TRADING CO., LTD. | SHANDONG QINGYUAN WOOD INDUSTRY CO., LTD. |
| A570051224 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI LANSHAN JINHAO BOARD FACTORY |
| A570051225 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI LANSHAN FUBAI WOOD INDUSTRY BOARD FACTORY |
| A570051226 | SHANGHAI FUTUWOOD TRADING CO., LTD. | SIYANG DAZHONG WOOD PRODUCT FACTORY |
| A570051227 | SHANGHAI FUTUWOOD TRADING CO., LTD. | BINZHOU YONGSHENG ARTIFICIAL BOARD INDUSTRIAL TRADE CO., LTD. |
| A570051228 | SHANGHAI FUTUWOOD TRADING CO., LTD. | SHANDONG JINQIU WOOD INDUSTRY CO., LTD. |
| A570051229 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI SENPENG WOOD INDUSTRY CO., LTD. |
| A570051230 | SHANGHAI FUTUWOOD TRADING CO., LTD. | XUZHOU HENG'AN WOOD INDUSTRY CO., LTD. |
| A570051231 | SHANGHAI FUTUWOOD TRADING CO., LTD. | DANGSHAN WEIDI WOOD INDUSTRY CO., LTD. |
| A570051232 | SHANGHAI FUTUWOOD TRADING CO., LTD. | FENGXIAN JIHE WOOD INDUSTRY CO., LTD. |
| A570051233 | SHANGHAI FUTUWOOD TRADING CO., LTD. | YUTAI ZEZHONG WOOD INDUSTRY CO., LTD. |
| A570051234 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI HUASHENG YONGBIN WOOD CO., LTD. |
| A570051235 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI KAIFENG WOOD BOARD FACTORY |
| A570051236 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI MINGDA WOOD INDUSTRY CO., LTD. |

| | | |
|---|---|---|
| A570051237 | SHANGHAI FUTUWOOD TRADING CO., LTD. | YANGXIN COUNTY XINTONG DECORATIVE MATERIALS CO., LTD. |
| A570051238 | SHANGHAI FUTUWOOD TRADING CO., LTD. | PINGYI COUNTY ZHONGLI WOOD PRODUCTS FACTORY |
| A570051239 | SHANGHAI FUTUWOOD TRADING CO., LTD. | PINGYI COUNTY YUXIN BOARD FACTORY |
| A570051240 | SHANGHAI FUTUWOOD TRADING CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
| A570051254 | SUINING PENGXIANG WOOD CO., LTD. | SUINING PENGXIANG WOOD CO., LTD. |
| A570051256 | Sumec International Technology Co., Ltd. | Shandong Junxing Wood Industry Co., Ltd. |
| A570051258 | Sumec International Technology Co., Ltd. | Linyi Xicheng Wood Industry Co., Ltd. |
| A570051262 | Sumec International Technology Co., Ltd. | Linyi City Lanshan District Linyu Board Factory |
| A570051272 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | XUZHOU HENGLIN WOOD CO., LTD. |
| A570051273 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | QUFU SHENGDA WOOD CO., LTD. |
| A570051274 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | PIZHOU XUEXIN WOOD PRODUCTS CO., LTD. |
| A570051275 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | PIZHOU JIANGSHAN WOOD CO., LTD. |
| A570051276 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | SHANDONG UNION WOOD CO., LTD. |
| A570051277 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | LINYI CITY LANSHAN DISTRICT FUBO WOOD FACTORY |
| A570051278 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
| A570051279 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | SUZHOU DONGSHENG WOOD CO., LTD. |
| A570051280 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | LINYI JIAHE WOOD INDUSTRY CO., LTD. |
| A570051281 | SUQIAN HOPEWAY INTERNATIONAL TRADE CO., LTD. | LINYI DAHUA WOOD CO., LTD. |
| A570051282 | Suzhou Dongsheng Wood Co., Ltd. | Suzhou Dongsheng Wood Co., Ltd. |
| A570051283 | Suzhou Fengshuwan Import and Exports Trade Co., Ltd. | Xuzhou Henglin Wood Co., Ltd. |
| A570051289 | Suzhou Fengshuwan Import and Exports Trade Co., Ltd. | Linyi Mingzhu Wood Co., Ltd. |
| A570051291 | Suzhou Fengshuwan Import and Exports Trade Co., Ltd. | Linyi Jiahe Wood Industry Co., Ltd. |
| A570051293 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI TIANCAI TIMBER CO., LTD |
| A570051294 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINGYI HUASHENG YONGBIN WOOD CO., LTD |
| A570051295 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI XICHENG WOOD PRODUCTS CO., LTD |
| A570051296 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI LONGXIN WOOD CO., LTD |
| A570051297 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI ORIENTAL FUCHAO WOOD CO., LTD. |
| A570051298 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI QIANFENG WOOD CO., LTD |
| A570051299 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | FEIXIAN WANDA WOOD FACTORY |

| | | |
|---|---|---|
| A570051300 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | SHANDONG UNION WOOD CO., LTD |
| A570051301 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | SHANDONG JINQIU WOOD CORPORATION |
| A570051302 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | YINHE MACHINERY CHEMICAL LIMITED COMPANY OF SHANDONG PROVINCE |
| A570051303 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI CITY YONGSEN WOOD CORP |
| A570051304 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XUZHOU CHANGCHENG WOOD CO., LTD |
| A570051305 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | PIZHOU FUSHEN WOOD CO., LTD |
| A570051306 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | PIZHOU YUANXING WOOD CO., LTD |
| A570051307 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XUZHOU YUANTAI WOOD CO., LTD |
| A570051308 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XUZHOU HONGFU WOOD CO., LTD |
| A570051309 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | FENG COUNTY SHUANGXINGYUAN WOOD |
| A570051310 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | ANHUI FUYANG QINGLIN WOOD PRODUCTS CO., LTD |
| A570051311 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI DAHUA WOOD CO., LTD. |
| A570051312 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | JUXIAN DECHANG WOOD CO., LTD |
| A570051313 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | FEIXIAN JINHAO WOOD BOARD PLANT |
| A570051314 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | SIYANG DAHUA PLYWOOD PLANT |
| A570051315 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI LANSHAN DISTRICT FUBO WOODS FACTORY |
| A570051316 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XUZHOU DEHENG WOOD CO., LTD. |
| A570051317 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI KAIFENG WOOD BOARD FACTORY |
| A570051318 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI ZHENYUAN WOOD PRODUCTS CO., LTD |
| A570051319 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XUZHOU WEILIN WOOD CO., LTD. |
| A570051320 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI TIANLU WOOD BOARD FACTORY |
| A570051321 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI BAOSHAN BOARD FACTORY |

| A570051322 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
|---|---|---|
| A570051323 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | XINYI CHAOHUA WOOD CO., LTD. |
| A570051324 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | PIZHOU JINGUOYUAN WOOD CO., LTD. |
| A570051325 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | FENG COUNTY JIHE WOOD CO., LTD. |
| A570051326 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | DANGSHAN COUNTY WEIDI WOOD CO., LTD. |
| A570051327 | SUZHOU ORIENTAL DRAGON IMPORT AND EXPORT CO., LTD. | ZHUCHENG RUNHENG INDUSTRIAL AND TRADING CO., LTD. |
| A570051329 | XUZHOU ANDEFU WOOD CO., LTD. | FENGXIAN FANGYUAN WOOD CO., LTD |
| A570051333 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Longyuan Wood Industry Co., Ltd |
| A570051334 | Xuzhou DNT Commercial Co., Ltd. | Linyi Changcheng Wood Co., Ltd |
| A570051335 | Xuzhou DNT Commercial Co., Ltd. | Feixian Jinde Wood Co., Ltd |
| A570051336 | Xuzhou DNT Commercial Co., Ltd. | Suzhou Dongsheng Wood Co., Ltd |
| A570051337 | Xuzhou DNT Commercial Co., Ltd. | Fengxian Fangyuan Wood Co., Ltd |
| A570051338 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou City Hengde Wood Products Co., Ltd |
| A570051339 | Xuzhou DNT Commercial Co., Ltd. | Pizhou Jiangshan Wood Co., Ltd |
| A570051340 | Xuzhou DNT Commercial Co., Ltd. | Linyi Huasheng Yongbin Wood Corp. |
| A570051341 | Xuzhou DNT Commercial Co., Ltd. | Pizhou Jinguoyuan Wood Co., Ltd |
| A570051342 | Xuzhou DNT Commercial Co., Ltd. | Linyi Mingzhu Wood Co., Ltd |
| A570051343 | Xuzhou DNT Commercial Co., Ltd. | Linyi Renlin Wood Industry Co., Ltd |
| A570051344 | Xuzhou DNT Commercial Co., Ltd. | Binzhou Yongsheng Artificial Board Industrial & Training Co., Ltd |
| A570051345 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Zhongcai Wood Co., Ltd |
| A570051346 | Xuzhou DNT Commercial Co., Ltd. | Anhui Xinyuanda Wood Co., Ltd |
| A570051347 | Xuzhou DNT Commercial Co., Ltd. | Shandong Lianbang Wood Co., Ltd |
| A570051348 | Xuzhou DNT Commercial Co., Ltd. | Linyi Xinrui Wood Co., Ltd |
| A570051349 | Xuzhou DNT Commercial Co., Ltd. | Shandong Huashi Lvyuan Wood Co., Ltd |
| A570051350 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Fuyu Wood Co., Ltd |
| A570051351 | Xuzhou DNT Commercial Co., Ltd. | Linyi Dazhong Wood Co., Ltd |
| A570051352 | Xuzhou DNT Commercial Co., Ltd. | Shandong Junxing Wood Co., Ltd |
| A570051353 | Xuzhou DNT Commercial Co., Ltd. | Linyi City Lanshan District Linyu Plywood Factory |
| A570051354 | Xuzhou DNT Commercial Co., Ltd. | Linyi City Dongfang Fuchao Wood Co., Ltd. |

| | | |
|---|---|---|
| A570051355 | Xuzhou DNT Commercial Co., Ltd. | Linyi Dahua Wood Co., Ltd. |
| A570051356 | Xuzhou DNT Commercial Co., Ltd. | Linyi Qianfeng Wood Co., Ltd |
| A570051357 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Zhongtong Wood Co., Ltd |
| A570051358 | Xuzhou DNT Commercial Co., Ltd. | Shandong Oufan Wood Co., Ltd |
| A570051359 | Xuzhou DNT Commercial Co., Ltd. | Shandong Jubang Wood Co., Ltd |
| A570051360 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Changcheng Wood Products Co., Ltd |
| A570051361 | Xuzhou DNT Commercial Co., Ltd. | Feixian Jinhao Wood Board Plant |
| A570051362 | Xuzhou DNT Commercial Co., Ltd. | Feixian Huafeng Wood Co., Ltd |
| A570051363 | Xuzhou DNT Commercial Co., Ltd. | Dhanshan County Weidi Wood Co., Ltd |
| A570051364 | Xuzhou DNT Commercial Co., Ltd. | Xuzhou Hongmei Wood Development Co., Ltd |
| A570051366 | Xuzhou Eastern Huatai International Trading Co., Ltd. | Linyi Longxin Wood Co., Ltd. |
| A570051367 | Xuzhou Eastern Huatai International Trading Co., Ltd. | Linyi Xicheng Wood Co., Ltd. |
| A570051368 | Xuzhou Eastern Huatai International Trading Co., Ltd. | Xuzhou Hongfu Wood Co., Ltd. |
| A570051371 | Xuzhou Eastern Huatai International Trading Co., Ltd. | Xu Zhou Chang Cheng Wood Co, Ltd |
| A570051374 | XUZHOU JIANGYANG WOOD INDUSTRIES CO., LTD. | XUZHOU JIANGYANG WOOD INDUSTRIES CO., LTD. |
| A570051375 | XUZHOU LONGYUAN WOOD INDUSTRY CO., LTD. | XUZHOU LONGYUAN WOOD INDUSTRY CO., LTD. |
| A570051379 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU LONGYUAN WOOD INDUSTRY CO., LTD |
| A570051380 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI CHANGCHENG WOOD CO., LTD |
| A570051381 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | FEIXIAN JINDE WOOD CO., LTD |
| A570051382 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SUZHOU DONGSHENG WOOD CO., LTD |
| A570051383 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | FENGXIAN FANGYUAN WOOD CO., LTD |
| A570051384 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU CITY HENGDE WOOD PRODUCTS CO., LTD |
| A570051385 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | PIZHOU JIANGSHAN WOOD CO., LTD |
| A570051386 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI HUASHENG YONGBIN WOOD CORP. |
| A570051387 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | PIZHOU JINGUOYUAN WOOD CO., LTD |
| A570051388 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI MINGZHU WOOD CO., LTD |
| A570051389 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI RENLIN WOOD INDUSTRY CO., LTD |
| A570051390 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | BINZHOU YONGSHENG ARTIFICIAL BOARD INDUSTRIAL & TRAINING CO., LTD |
| A570051391 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU ZHONGCAI WOOD CO., LTD |
| A570051392 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | ANHUI XINYUANDA WOOD CO., LTD |
| A570051393 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SHANDONG LIANBANG WOOD CO., LTD |
| A570051394 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI XINRUI WOOD CO., LTD |

| | | |
|---|---|---|
| A570051395 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SHANDONG HUASHI LVYUAN WOOD CO., LTD |
| A570051396 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU FUYU WOOD CO., LTD |
| A570051397 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI DAZHONG WOOD CO., LTD |
| A570051398 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SHANDONG JUNXING WOOD CO., LTD |
| A570051399 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI CITY LANSHAN DISTRICT LINYU PLYWOOD FACTORY |
| A570051400 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI CITY DONGFANG FUCHAO WOOD CO., LTD. |
| A570051401 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI DAHUA WOOD CO., LTD. |
| A570051402 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | LINYI QIANFENG WOOD CO., LTD |
| A570051403 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU ZHONGTONG WOOD CO., LTD |
| A570051404 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SHANDONG OUFAN WOOD CO., LTD |
| A570051405 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | SHANDONG JUBANG WOOD CO., LTD |
| A570051406 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU CHANGCHENG WOOD PRODUCTS CO., LTD |
| A570051407 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | FEIXIAN JINHAO WOOD BOARD PLANT |
| A570051408 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | FEIXIAN HUAFENG WOOD CO., LTD |
| A570051409 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | DHANSHAN COUNTY WEIDI WOOD CO., LTD |
| A570051410 | XUZHOU PINLIN INTERNATIONAL TRADE CO., LTD. | XUZHOU HONGMEI WOOD DEVELOPMENT CO., LTD |
| A570051412 | XUZHOU SHENGPING IMP AND EXP CO., LTD. | XUZHOU LONGYUAN WOOD INDUSTRY CO., LTD |
| A570051414 | Xuzhou Shuner Import & Export Trade Co. Ltd. | Pizhou Fushen Wood Co. Ltd. |
| A570051416 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU JIANGHENG WOOD PRODUCTS CO., LTD. |
| A570051417 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU JIANGYANG WOOD INDUSTRIES CO., LTD. |
| A570051418 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU CHANGCHENG WOOD CO., LTD. |
| A570051419 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | FENGXIAN SHUANGXINGYUAN WOOD CO., LTD. |
| A570051420 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | LINYI MINGZHU WOOD CO., LTD. |
| A570051421 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | LINYI CITY LANSHAN DISTRICT DAQIAN WOOD BOARD FACTORY |
| A570051422 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | FEIXIAN HONGSHENG WOOD CO., LTD. |
| A570051423 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU HONGWEI WOOD CO., LTD. |
| A570051424 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | PIZHOU JINGUOYUAN WOOD CO., LTD. |
| A570051425 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | LINYI QIANFENG WOOD FACTORY |
| A570051426 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | LINYI RENLIN WOOD INDUSTRY CO., LTD. |
| A570051427 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU SENYUAN WOOD PRODUCTS CO., LTD. |
| A570051428 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | JIANGSU LISHUN INDUSTRIAL AND TRADING CO., LTD. |
| A570051429 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | PIZHOU XUEXIN WOOD INDUSTRY CO., LTD. |

| | | |
|---|---|---|
| A570051430 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | FEIXIAN HONGJING BOARD FACTORY |
| A570051431 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | XUZHOU JIAQIANG WOOD INDUSTRY CO., LTD. |
| A570051432 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | SHANDONG SHELTER FOREST PRODUCTS CO., LTD. |
| A570051433 | XUZHOU TIMBER INTERNATIONAL TRADE CO., LTD. | JIANGSU BINSONG WOOD CO., LTD. |
| A570051436 | ZHEJIANG DEHUA TB IMPORT & EXPORT CO., LTD. | DEHUA TB NEW DECORATION MATERIAL CO., LTD |
| A570051437 | ZHEJIANG DEHUA TB IMPORT & EXPORT CO., LTD. | ZHANGJIAGANG JIULI WOOD CO., LTD. |
| #N/A | Shandong Dongfang Bayley Wood Co., Ltd. | Shandong Dongfang Bayley Wood Co., Ltd. |
| A570051254 | Suining Pengxiang Wood Co., Ltd. | Suining Pengxiang Wood Co., Ltd. |