UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| Linyi Chengen Import and Export Co., Ltd<br><br>    Plaintiff,<br>  and<br><br>Taraca Pacific, Inc., et al.,<br><br>    Plaintiff-Intervenors,<br>  v.<br>United States<br>    Defendant,<br>  and<br><br>Coalition for Fair Trade in Hardwood Plywood<br><br>    Defendant-Intervenor. | Consol. Ct. No. 18-00002 |

**CONSOLIDATED PLAINTIFFS LINYI SANFORTUNE WOOD CO., LTD AND XUZHOU LONGYUAN WOOD INDUSTRY CO., LTD'S**
**COMMENTS IN OPPOSITION TO FIFTH REMAND REDETERMINATION**

                           Gregory S. Menegaz
                           Alexandra H. Salzman
                           **deKieffer & Horgan, PLLC**
                           Suite 1101
                           1156 Fifteenth Street, N.W.  20005
                           Tel: (202) 783-6900
                           email:  gmenegaz@dhlaw.com
                           *Counsel to Plaintiffs*

Dated: April 28, 2023

# TABLE OF AUTHORITIES

**Cases**

*Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781 (Fed. Cir. 2020)................. *passim*

*Changzhou Hawd Flooring Co. v. United States*, 324 F. Supp. 3d 1317, 1326-1328 (Ct. Int'l Trade 2018)............................................................................................................ *passim*

After the Court's opinion in Chengen II, the Department determined to apply the normal methodology and calculated a margin for Chengen of 0.00%. After several more remands, now after the Court's opinion in Chengen V, the Department has finally assigned the SRA Plaintiffs Chengen's zero margin. Specifically, the Department found that "[a]fter weighing all options and considering the views of the Court, we find, under protest, that assigning the rate calculated for Linyi Chengen Import and Export Co., Ltd. (Chengen), i.e., zero percent, is the only remaining alternative on the record." Remand at 2. Linyi Sanfortune Wood Co., Ltd and Xuzhou Longyuan Wood Industry Co., Ltd, consolidated plaintiffs in the above-referenced litigation ("Voluntary Respondent Plaintiffs") support the application of the zero margin and submit it is the only margin on the record reasonably reflecting of the dumping rates of the cooperating exporters that were deemed separate from the Chinese State Entity.

The Department then found that for the companies that "requested voluntary respondent status **and submitted all questionnaire responses** should be excluded from the Order." *Id*. (emphasis added). The Department then clarified that the companies that fulfilled these requirements were Jiangyang Wood and Dehua TB, and that the Department was excluding them from the Order consistent with other rulings by the Courts and cited to *Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781 (Fed. Cir. 2020) (non precedential). *Id*. at 10. While the Voluntary Respondent Plaintiffs do not object to the exclusion of these companies, the Voluntary Respondent Plaintiffs submit that they should also be excluded from the Order to be consistent with *Changzhou Hawd* because they requested to be voluntary respondents.

In *Changzhou Hawd*, the Court ordered the Department to exclude all companies that <u>requested</u> to be selected as voluntary respondents, and did not limit its consideration to only companies that also supplied voluntary questionnaire responses. Thus on its face, the

Department's action here is not consistent in failing to exclude from the Order all of the companies that requested to be voluntary respondents, namely Linyi Sanfortune, and Xuzhou Longyuan. Further, the reasoning behind the Court's action in *Changzhou Hawd* that supports exclusion from the order is equally applicable here.

In this investigation, the Department determined not to select "any voluntary respondents because selecting any additional company for individual examination would be unduly burdensome and will inhibit the timely completion of this investigation." *See* Dep't Voluntary Resp. Memo (April 4, 2017) at 2; PR451. Indeed, the Department essentially has a policy of never accepting voluntary respondents. The Department continually selects limited respondents and refuses to accept voluntary respondents even after companies supply extensive questionnaire data. Then, in a circumstance such as this case, where one of these limited respondents receives a *de minimis* margin and the other receives total AFA, the separate rate companies are penalized by the inclusion of this AFA rate either in their own margin or in requiring the companies to remain subject to the Order despite no actual evidence of dumping.

These same facts were present in *Changzhou Hawd*. Recognizing the unfairness of the Department "reject[ing] all voluntary examination requests, foreclosing any path to exclusion for respondents seeking an individual weighted average margin," in the appeal of the investigation of *Multilayered Wood Flooring from China*, the Court ordered the Department to exclude all companies that requested voluntary treatment from the Order when properly assigned the cooperating respondents' zero margin. *Changzhou Hawd Flooring Co. v. United States*, 324 F. Supp. 3d 1317, 1326-1328 (Ct. Int'l Trade 2018).

The Court first addressed that it was appropriate to consider their exclusion from the Order:

2

> the Voluntary Applicants may nevertheless challenge Commerce's separate and distinct decision denying them exclusion from the Order. That determination (like many Commerce determinations), just happens to comprise numerous other decisions Commerce made through the course of the proceeding: mandatory respondent selection, treatment of voluntary examination requests, the calculation of each of the mandatory respondents' margins, and the calculation of the separate rate, among others. Commerce's determination that resource constraints precluded voluntary examinations may itself have been reasonable. Having made that decision, Commerce's subsequent decision to refuse to exclude Voluntary Applicants assigned a zero percent margin is not.

*Changzhou Hawd*, 324 F. Supp. 3d at 1327. The Court found this logic applies to all companies that <u>requested</u> to be selected as voluntary respondents, making no distinction between companies that filed full responses and those that did not file any responses. The Court then concluded that the Department acted unreasonably and arbitrarily:

> The court believes Commerce's application of its exclusion regulation to the Voluntary Applicants it assigned "representative" zero percent margins has two insurmountable problems. The first is Commerce's refusal to conduct any voluntary examinations, preventing the Voluntary Applicants from demonstrating directly their own evidence of fair trading. The second is Commerce's continuing assumption or inference that Voluntary Applicants denied individual examination and ultimately assigned a "representative" zero percent margin were nevertheless unfairly trading, precluding exclusion. The court questions how a reasonable mind could maintain such an assumption or inference against the Voluntary Applicants.
> …
> the court believes the proper remedy is entry of judgment declaring Commerce's failure to exclude the Voluntary Applicants arbitrary, and directing Commerce to exclude them from the Order ab initio.

*Id*. at 1327-1328.

The Department did <u>not</u> challenge and appeal the Court's opinion that the Department must exclude the voluntary applicants. The Petitioner challenged this decision to the CAFC; however, the CAFC found "no reversible error in the Trade Court's conclusion that Commerce did not provide an adequate justification for including the voluntary-review firms in the antidumping duty order in this case." *Changzhou Hawd Flooring Co. v. United States*, 947 F.3d

3

781, 794 (Fed. Cir. 2020) (non precedential).  While the CAFC left open that the Department could address "any justification Commerce might yet articulate for deciding to include voluntary-review firms in an antidumping-duty order," the Department must address the serious unfairness, unreasonableness, and arbitrary nature of not excluding voluntary applicants as raised by the lower Court and quoted above.  Further, like *Changzhou Hawd*, the Voluntary Respondent Plaintiffs have gone through five years of litigation and are past the point where the zero cash deposit rate has any impact and the only actual equitable relief available is exclusion from the Order.

The Court should find that that given the Department limited respondent selection and refused to accept any voluntary respondents, at a minimum the Department cannot presume any potential of unfair trading for the companies that requested voluntary treatment and stood ready (if accepted) to test their data within the framework of the Department's antidumping duty calculation methodology.  As such, the Department must also exclude them—Linyi Sanfortune, and Xuzhou Longyuan—from the Order in accordance with *Changzhou Hawd*.

           Respectfully submitted,

            /s/ Gregory S. Menegaz
           Gregory S. Menegaz
           Alexandra H. Salzman
           **deKieffer & Horgan, PLLC**
           Suite 1101
           1156 Fifteenth Street, N.W.  20005
           Tel: (202) 783-6900
           email:  gmenegaz@dhlaw.com

Date: April 28, 2023

## WORD COUNT CERTIFICATE OF COMPLIANCE

This brief has been prepared utilizing Microsoft Word 2016 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth in the Chambers Procedures.  Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 1,118 words.  In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
**DEKIEFFER & HORGAN, PLLC**
Suite 1101
1156 Fifteenth Street, N.W.
Washington, D.C. 20005
*Counsel to Consolidated Plaintiffs*