## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| Linyi Chengen Import and Export Co., Ltd | |
|     Plaintiff, | |
| and | |
| Celtic Co., Ltd.., et al., | Consol. Ct. No. 18-00002 |
|     Plaintiff-Intervenors, | **PUBLIC DOCUMENT** |
| v. | |
| United States | |
|     Defendant, | |
| and | |
| Coalition for Fair Trade in Hardwood Plywood | |
|     Defendant-Intervenor. | |

**COMMENTS IN SUPPORT OF THE REMAND REDETERMINATION ON BEHALF OF CONSOLIDATED PLAINTIFFS ZHEJIANG DEHUA TB IMPORT & EXPORT CO., LTD. ET.AL.**

Jeffrey S. Neeley
Stephen W. Brophy
**Husch Blackwell LLP**
1801 Pennsylvania Ave., N.W.
Ste 1000
Washington, DC 20006
(202) 378-2409
Email: Jeffrey.Neeley@huschblackwell.com

Dated: May 26, 2023

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A.    Commerce's Decision to Assign Separate Rate Respondents a Zero Margin is Reasonable ............................................................................................................................. 1

    B.    Commerce's Exclusion of Certain Companies from the Order is Reasonable............. 7

    C.    Consolidated Plaintiffs Join in and Incorporate by Reference the Arguments of the Other Parties in Support of Commerce's Final Remand Redetermination ................................ 8

III. CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*Albemarle Corp. v. United States*, 821 F.3d 1345, 1353 (Fed. Cir. May 2, 2016) .................. 3, 5, 6

*Amanda Foods (Vietnam) Ltd. v. United States,* 33 C.I.T. 1407, 647 F.Supp.2d 1368, 1381 (2009) ........................................................................................................................................ 5

*Amanda Foods (Vietnam) Ltd. v. United States,* 34 CIT 730, 743-744, 714 F.Supp.2d 1282, 1295 (2010) ........................................................................................................................................ 5

*Changzhou Hawd Flooring Co. v. United States*, 324 F. Supp. 3d 1317, 1326-1328 (CIT 2018). 7

*Changzhou Hawd Flooring Co. v. United States*, 848 F .3d 1006, 1012 (Fed. Cir. 2017) ......... 3, 5

*Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781 (Fed. Cir. 2020) .......................... 7

*Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1378 (Fed. Cir. 2012) ..................................................................................................................................... 4, 5

*F.lli De Cecco di Filippo Fara S. Martino S.p.A. v. United States,* 216 F.3d 1027, 1032 (Fed.Cir.2000) ............................................................................................................................ 4

*Linyi Chengen Import and Export Co., Ltd. v. United States*, Ct. No. 18-00002, Slip Op. 22-150 (Dec. 21, 2022) ......................................................................................................................... 2

*Navneet Publications (India) Ltd. v. United States*, 999 Fed. Supp. 2d 1354 (CIT 2014). ............ 7

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) ................................ 3

*Shakeproof Assembly Components, Div. of Ill. Tool Works, Inc. v. United States,* 268 F.3d 1376, 1382 (Fed.Cir.2001) .................................................................................................................. 5

*Thai Pineapple Canning Indus. Corp. v. United States*, 273 F.3d 1077, 1085 (Fed. Cir. 2001). ... 3

*United States v. Eurodif S.A.*, 555 U.S. 305, 317-18, 129 S. Ct. 878, 172 L. Ed. 2d 679 (2009) ... 3

*Yangzhou Bestpak Gifts & Crafts Co. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013) ....... 2, 5 6

I.  **INTRODUCTION**

Consolidated Plaintiffs Zhejiang Dehua TB Import & Export Co., Ltd., et. al. ("Consolidated Plaintiffs")[1] hereby file these comments in support of the remand redetermination filed by Defendant United States on March 17, 2023 pursuant to Slip Op. 22-150 (CIT December 21, 2022). Final Results of Redetermination Pursuant to Court Remand Order in *Linyi Chengen Import and Export Co., Ltd. v. United States*, Consol. Court No. 18-0002, dated May 17, 2023 ("Remand Redetermination'). In its Remand Redetermination, the U.S. Department of Commerce ("Commerce") followed the Court's instructions and prior precedent and assigned Separate Rate Plaintiffs the same zero percent rate calculated for Linyi Chengen Import and Export Co., Ltd. ("Chengen"). Likewise, in accordance with precedent, Commerce also excluded from the Order the companies that requested voluntary respondent status and submitted all questionnaire responses. The Court should affirm Commerce's Final Remand Redetermination.

II.  **ARGUMENT**

    A. **Commerce's Decision to Assign Separate Rate Respondents a Zero Margin is Reasonable**

As the Court properly held, "Commerce's determination to assign to fully cooperating separate rate respondents an all-others separate rate margin almost 60 times higher than the only investigated respondent, and half of the AFA rate for uncooperative respondents, is unreasonable

---

[1] In addition to Zhejiang Dehua TB Import & Export Co., Ltd., the Consolidated Plaintiffs represented by Husch Blackwell, LLP are Highland Industries, Inc., Jiashan Dalin Wood Industry Co., Ltd., Happy Wood Industrial Group Co., Ltd., Jiangsu High Hope Arser Co., Ltd., Suqian Yaorun Trade Co., Ltd., Yangzhou Hanov International Co., Ltd., G.D.Enterprise Limited., Deqing China-Africa Foreign Trade Port Co., Ltd., Pizhou Jin Sheng Yuan International Trade Co., Ltd., Xuzhou Shuiwangxing Trading Co., Ltd., Cosco Star International Co., Ltd., Linyi City Dongfang Jinxin Economic and Trade Co., Ltd., Linyi City Shenrui International Trade Co., Ltd., Jiangsu Qianjiuren International Trading Co., Ltd., and Qingdao Top P&Q International Corp.

as applied because it is unfair and unduly punitive." *Linyi Chengen Import and Export Co., Ltd. v. United States*, Ct. No. 18-00002, Slip Op. 22-150 (Dec. 21, 2022) ("Linyi Chengen V") at 27. On remand, the Court suggested that Commerce might choose to examine whether other evidence on the record supports a lower rate after the applicable rates are averaged but advised Commerce not to submit the same rate of 57.36 percent to the Separate Rate Plaintiffs for a fourth time. Id. at 28.

On remand, Commerce considered options other than assigning Separate Rate Plaintiffs a rate other than zero percent assigned to Linyi Chengen and reasonably determined that none of those options were supported by record. Defendant-Intervenor objects to Commerce's rejection of its proposed methodologies, but Commerce's decision was reasonable. Most of Defendant-Intervenor's suggestions relied on the Quantity and Value ("Q&V") data submitted by Separate Rate Respondents. Remand Redetermination at 15. As Commerce noted, "although Q&V data provides a global average view of a company's selling behavior, it does so without regard to product mix, which can be significant in some cases." Id. Consolidated Plaintiffs also note that a methodology relying on average unit values from Quantity and Value Questionnaire Response was previously rejected by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"). *Yangzhou Bestpak Gifts & Crafts Co. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013) (rejecting Commerce's reliance on a comparison of the average unit values (AUVs) reported in the Quantity and Value Questionnaires).

With regard to Defendant-Intervenor's other proposal, which relied on the normal values of Chengen and in the petition and documentation for a single sale provided by separate rate companies, Commerce reasonably concluded that this option was not viable since there may be differences between the cost structure and, therefore, normal values, of Chengen and Separate

Rate Plaintiffs. Remand Redetermination at 15-16. Ultimately, Defendant-Intervenor is only cherry-picking information from the record to obtain its desired result. Absent any other reasonable methodology to calculate a different margin for Separate Rate Respondents, the most reasonable method is to assign Separate Rate Respondents the margin assigned to the mandatory respondent. As the courts have repeatedly held, the margins calculated for the largest exporters are considered to be representative of the pricing behavior of the non-individually investigated or reviewed exporters. *Changzhou Hawd Flooring Co. v. United States*, 848 F .3d 1006, 1012 (Fed. Cir. 2017), discussing *Albemarle Corp. v. United States*, 821 F.3d 1345 (Fed. Cir. 2016).

Moreover, Commerce's Final Remand Redetermination is in accordance with precedent. While the Federal Circuit held that Commerce is theoretically allowed to average a *de minimis* rate and an AFA rate to determine the margin for Separate Rate Respondents, it found this methodology to be unreasonable in practice given that it was not reflective of economic reality:

> Nevertheless, "[w]hile various methodologies are permitted by the statute, it is possible for the application of a particular methodology to be unreasonable in a given case." *Thai Pineapple Canning Indus. Corp. v. United States*, 273 F.3d 1077, 1085 (Fed. Cir. 2001). "[F]orm should be disregarded for substance and the emphasis should be on economic reality." *United States v. Eurodif S.A.*, 555 U.S. 305, 317-18, 129 S. Ct. 878, 172 L. Ed. 2d 679 (2009). This court finds that this case presents that situation. Although Commerce may be permitted to use a simple average methodology to calculate the separate rate, the circumstances of this case renders a simple average of a de minimis and AFA China wide rate unreasonable as applied. Similarly, a review of the administrative record reveals a lack of substantial evidence showing that such a determination reflects economic reality.

*Bestpak* at 1378. As the Federal Circuit explained, "{a}n overriding purpose of Commerce's administration of antidumping laws is to calculate dumping margins as accurately as possible" and the rate determination for non-mandatory, cooperative respondents must "bear some relationship to the actual dumping margins." *Id*. at 1379-1380 *citing Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990). The Court also noted that it was

3

unreasonable to assign a cooperative respondent a rate that was half of the PRC-wide rate when the respondent had demonstrated that it was independent of government control and that such a result may amount to being punitive, which is not permitted by the statute:

> It is worth noting that similar to Yama, Bestpak successfully proved that it was independent of government control. However, Commerce ultimately assigned Bestpak a margin that was exactly half of the China-wide rate—a rate for those presumed to be under foreign government control. Assigning a non-mandatory, separate rate respondent a margin equal to over 120% of the only fully investigated respondent with no other information is unjustifiably high and may amount to being punitive, which is not permitted by the statute.

*Id*. at 1379 *citing F.lli De Cecco di Filippo Fara S. Martino S.p.A. v. United States,* 216 F.3d 1027, 1032 (Fed.Cir.2000) ("{T}he purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose punitive, aberrational, or uncorroborated margins."). In other cases, the courts have likewise found the use of an AFA rate in the average rate assigned to Separate Rate Respondents to be unreasonable as applied. In *Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1378 (Fed. Cir. 2012) the Federal Circuit also explained that the methodology at issue undercuts the goal of promoting cooperation:

> …applying an adverse rate to cooperating respondents undercuts the cooperation-promoting goal of the AFA statute. Commerce misses the point when it argues that the appellant cannot complain because it does not bear an AFA rate directly, but only a separate rate derived from the AFA rate, which is only half as adverse. Although the hypothetical AFA rate was not directly applied to a cooperating respondent, cooperating respondents were the only entities impacted by the recalculated rate.

In *Baroque Timber*, this Court held that while the statute "allows Commerce to use 'any reasonable method,' it must be in service of calculating a margin 'reasonably reflective of potential dumping margins for non-investigated exporters or producers.'" *Baroque Timber Industries (Zhongshan) Company Limited v. United States*, 971 F. Supp. 2d 1333, 1342 (CIT 2014); *see also Navneet Publications (India) Ltd. v. United States*, 999 Fed. Supp. 2d 1354 (CIT 2014), A*manda Foods (Vietnam) Ltd. v. United States,* 34 CIT 730, 743-744, 714 F.Supp.2d

1282, 1295 (2010).  The method employed by the Department "must be 'based on the best information and establish antidumping margins as accurately as possible.'" *Id. citing Shakeproof Assembly Components, Div. of Ill. Tool Works, Inc. v. United States,* 268 F.3d 1376, 1382 (Fed.Cir.2001). The mere presence of non-cooperating parties "fails to justify {Commerce's} choice of dumping margin for the cooperative uninvestigated respondents." *Id.* at 1343 *citing Amanda Foods (Vietnam) Ltd. v. United States,* 33 C.I.T. 1407, 647 F.Supp.2d 1368, 1381 (2009).  As the Court explained,

> …the fact that the AFA rate applies to other companies is not evidence of dumping on the part of the separate rate companies."   {citation omitted}.  Commerce cannot use the AFA rate in calculating the separate rate for cooperating parties without explanation.

*Id. citing Changzhou Wujin Fine Chem. Factory v. United States,* 701 F.3d 1367, 1379 (Fed. Cir. 2012).  Furthermore, Commerce must "examine the record and articulate a satisfactory explanation for its action."  *Id.* at 1341 to 1342 *citing Yangzhou Bestpack Gifts & Crafts Co., Ltd. v. United States*, 716 F.3d 1370, 1378 (Fed. Cir. 2013).

In *Albemarle* and *Changzhou Hawd*, the Federal Circuit held that it is not the separate rate applicant's burden to establish that they are like the de minimis AD rate exporter. *Albemarle Corp. v. United States*, 821 F.3d 1345, 1353 (Fed. Cir. May 2, 2016) and *Changzhou Hawd Flooring Co. v. United States*, 848 F.3d 1006, 1012 (Fed. Cir. Feb. 15, 2017).  Rather, the CAFC placed the burden squarely on the Department to find that the separate rate applicants are not like the exporter or exporters for which an individual AD margin was calculated.  The Federal Circuit held that "the burden is not on the separate respondents to show that their dumping is the same as that of the individually examined respondents. Rather, Commerce must find based on substantial evidence that there is a reasonable basis for concluding that the separate

respondents' dumping is different." *Albemarle Corp. v. United States*, 821 F.3d 1345, 1353 (Fed. Cir. May 2, 2016).

In various cases, the courts have found that the rationale's offered by Commerce to avoiding assigning Separate Rate Respondents the same zero or de minimis margin calculated for a mandatory respondent was not reasonable. In *Bestpak,* the Federal Circuit rejected Commerce's reliance on a comparison of the average unit values (AUVs) reported in the Quantity and Value Questionnaires. *Yangzhou Bestpak Gifts & Crafts Co. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013). In *Albemarle*, the Federal Circuit rejected Commerce's reliance on margins from a prior review. *Albemarle Corp. v. United States*, 821 F.3d 1345, 1353 (Fed. Cir. May 2, 2016). In *Changzhou Hawd*, the Federal Circuit rejected Commerce's reliance on margins from a subsequent review. *Changzhou Hawd Flooring Co. v. United States*, 848 F.3d 1006, 1012 (Fed. Cir. Feb. 15, 2017). In *Changzhou Wujin*, the Federal Circuit rejected Commerce's reliance on a hypothetical AFA rate based on one respondent's verified normal value data and an unverified U.S. price obtained from a non-cooperating respondent. *Changzhou Wujin Fine Chem. Factory v. United States,* 701 F.3d 1367, 1379 (Fed. Cir. 2012). In *Baroque Timber* and *Navneet Publications,* this Court rejected Commerce's reliance on a transaction specific dumping margin for a mandatory respondent that received a zero weighted average margin. *Baroque Timber Industries (Zhongshan) Company Limited v. United States*, 971 F. Supp. 2d 1333, 1342 (CIT 2014) and *Navneet Publications (India) Ltd. v. United States*, 999 Fed. Supp. 2d 1354 (CIT 2014).

In this case, the only reasonable methodology based on the record evidence, was to assign Separate Rate Plaintiffs the zero percent margin assigned to Chengen. This method was based on the margin assigned to a mandatory respondent, which is presumed representative of the

6

margins of non-selected respondents. Any other methodology would have constituted cherry picking the record.

B.   **Commerce's Exclusion of Certain Companies from the Order is Reasonable**

In its Remand Redetermination, Commerce also followed prior precedent and excluded from the Order the companies that requested voluntary respondent status and submitted all questionnaire responses. This is in accordance with the Federal Circuit decision in *Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781 (Fed. Cir. 2020) and *Changzhou Hawd Flooring Co. v. United States*, 324 F. Supp. 3d 1317, 1326-1328 (CIT 2018). While Defendant-Intervenor cites to Commerce's decision in *Passenger Vehicle and Light Truck Tires From the Socialist Republic of Vietnam,* Commerce reasonably rejects reliance on that case in its Remand Redetermination. Issues and Decision Memorandum accompanying *Passenger Vehicle and Light Truck Tires from the Socialist Republic of Vietnam*, 86 Fed. Reg. 28,559 (Dep't Commerce May 27, 2021) (final deter. of sales at less than fair value) at 14-24. As Commerce notes, that investigation was terminated by the U.S. International Trade Commission and did not result in an antidumping duty order. Therefore, Commerce's determination was never implemented or subjected to judicial review. In accordance with current judicial precedent, Commerce reasonably excluded companies from the order if they requested voluntary respondent status and submitted all questionnaire responses.

### C. Consolidated Plaintiffs Join in and Incorporate by Reference the Arguments of the Other Parties in Support of Commerce's Final Remand Redetermination

Consolidated Plaintiffs join in and incorporate by reference the arguments of the other parties in support of Commerce's Remand Redetermination.

### III. CONCLUSION

In light of the foregoing, the Court should affirm Commerce's Final Remand Redetermination.

Respectfully submitted,

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Stephen W. Brophy

**Husch Blackwell LLP**
1801 Pennsylvania Ave., N.W.
Ste 900
Washington, DC 20006
(202) 378-2409
Email: Jeffrey.Neeley@huschblackwell.com

*Counsel for Consolidated Plaintiffs Zhejiang Dehua TB Import & Export Co., Ltd., et. al.*

Dated: May 26, 2023

# CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(2), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Consolidated Plaintiffs' comments, as computed by Husch Blackwell's word processing system Microsoft Word, is 2,261 words.

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Husch Blackwell LLP
*Counsel for Consolidated Plaintiffs Zhejiang Dehua TB Import & Export Co., Ltd., et. al.*