## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LINYI CHENGEN IMPORT AND EXPORT CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> CELTIC CO., LTD., *et al.*, <br><br> Consolidated Plaintiffs, <br><br> and <br><br> TARACA PACIFIC, INC., *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, <br><br> Defendant-Intervenor. | Before: Hon. Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 18-00002 |

### DEFENDANT-INTERVENOR THE COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD'S COMMENTS IN SUPPORT OF COMMERCE'S FIFTH REMAND REDETERMINATION

Timothy C. Brightbill, Esq.
Jeffrey O. Frank, Esq.
Stephanie M. Bell, Esq.
Elizabeth S. Lee, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Coalition for Fair Trade in Hardwood Plywood*

**May 26, 2023**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................1
II. BACKGROUND ..........................................................................................................1
III. COMMERCE PROPERLY INCLUDED THE VOLUNTARY RESPONDENT PLAINTIFFS UNDER THE ORDER .......................................................2
IV. CONCLUSION..............................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Changzhou Hawd Flooring Co. v. United States*,
 947 F.3d 781 (Fed. Cir. 2020) ................................................................................. 3, 4, 5, 6

**Administrative Materials**

*Antidumping Duties; Countervailing Duties*,
 62 Fed. Reg. 27,296, 27,311 (Dep't Commerce May 19, 1997) .............................................. 3

I. **INTRODUCTION**

On behalf of Defendant-Intervenor the Coalition for Fair Trade in Hardwood Plywood ("Coalition"), we respectfully submit the following comments in support of certain aspects of the fifth remand determination submitted by the Department of Commerce ("Commerce") on March 17, 2023, in the subject proceeding.[1] Final Results of Redetermination Pursuant to Ct. Remand, *Linyi Chengen Imp. & Exp. Co. v. United States*, Consol. Ct. No. 18-00002, Slip Op. 22-150 (Ct. Int'l Trade Dec. 21, 2022) (Mar. 17, 2023), ECF No. 221 ("Fifth Remand Determination"). As explained below, Commerce's determination to include under the antidumping duty order covering hardwood plywood products from the People's Republic of China ("the Order") companies that requested voluntary respondent status but did not submit questionnaire responses is supported by substantial evidence and in accordance with law. Accordingly, if Commerce's application of a zero percent margin to the separate rate companies is sustained, this Court should also sustain this aspect of the Fifth Remand Determination.

II. **BACKGROUND**

The case at hand arises from an antidumping duty investigation into hardwood plywood from China. *See, e.g.*, Issues and Decision Memorandum accompanying *Certain Hardwood Plywood Products from the People's Republic of China*, 82 Fed. Reg. 53,460 (Dep't Commerce Nov. 16, 2017) (final deter. of sales at less than fair value, and final affirm. deter. of critical circumstances, in part), P.R. 871. As explained in the Coalition's comments submitted in opposition to Commerce's remand determination, the Court has five times remanded the original

---

[1] As explained in the Coalition's April 28, 2023 comments, the Coalition opposes certain other aspects of Commerce's remand determination. *Def.-Intervenor the Coalition for Fair Trade in Hardwood Plywood's Comments in Opposition to Commerce's Fifth Remand Redetermination* (Apr. 28, 2023), ECF No. 224 ("Coalition Opposition Comments").

results with instructions for Commerce to reconsider certain aspects of its final determination regarding the margins calculated for the mandatory respondents and assigned to the non-selected separate rate companies in the proceeding. *See* Coalition Opposition Comments at 1-6. In its fifth remand determination, Commerce, under protest, assigned a zero percent margin to the Separate Rate Plaintiffs. Fifth Remand Determination at 9-10. In light of this determination, Commerce also chose to exclude from the Order the companies that requested voluntary respondent treatment and submitted questionnaire responses. *Id.* at 10. All other companies eligible for a separate rate were included in the Order, including companies that submitted a request for voluntary respondent status but took no other actions to pursue voluntary treatment. *Id.* at 10, 18. Two respondents that submitted requests for voluntary respondent status, Linyi Sanfortune Wood Co., Ltd and Xuzhou Longyuan Wood Industry Co., Ltd. (collectively, the "Voluntary Respondent Plaintiffs"), assert that Commerce's inclusion of them under the Order was in error. Consol. Pls. Linyi Sanfortune Wood Co., Ltd. and Xuzhou Longyuan Wood Industry Co., Ltd.'s Comments in Opposition to Fifth Remand Redetermination (Apr. 28, 2023), ECF No. 223 ("Respondent Comments"). As discussed below, Commerce's determination to maintain the Voluntary Respondent Plaintiffs under the Order is supported by substantial evidence and in accordance with law. Therefore, if Commerce's application of a zero percent margin to the separate rate companies is sustained the Court should sustain this aspect of Commerce's determination.

### III. COMMERCE PROPERLY INCLUDED THE VOLUNTARY RESPONDENT PLAINTIFFS UNDER THE ORDER

In its fifth remand determination, Commerce declined to exclude from the Order companies that requested voluntary respondent treatment but took no further action to pursue this request. *See* Fifth Remand Determination at 9-10. This determination is supported by the record and in accordance with law and should be sustained. To start, the U.S. Court of Appeals for the Federal

Circuit ("Federal Circuit") has recognized that, consistent with the statute, Commerce has the authority to limit exclusion from an order and is not required to exclude all companies that may be assigned a zero or *de minimis* margin in an investigation. *See Changzhou Hawd Flooring Co. v. United States*, 947 F.3d 781, 791-93 (Fed. Cir. 2020). Commerce has also recognized that exclusion from an order is an "extraordinary measure" and has only extended it in limited circumstances. Final Results of Determination Pursuant to Court Order, *Changzhou Hawd Flooring Co., Ltd., et. al v. United States*, Court No. 12-0020 (Ct. Int'l Trade Feb. 15, 2017) (July 20, 2017) at 25.

The record here demonstrates that Commerce appropriately declined to extend this extraordinary measure to the Voluntary Respondent Plaintiffs. As Commerce explained, these companies did nothing more than submit "two-page requests {that} were virtually identical in content and required no commitment or effort on behalf of these companies." Fifth Remand Determination at 20. Indeed, even if Commerce had selected voluntary respondents, the Voluntary Respondent Plaintiffs would not have been eligible to be selected as they did not satisfy the requirements to be treated as a voluntary respondent. *Id.* at 19-20 (explaining that to be considered for voluntary respondent status, a company must submit responses to the questionnaires by the deadline established for the mandatory respondents). In other words, even if Commerce had accepted companies as voluntary respondents and calculated individual margins for these companies, no such margins would have been calculated for the Voluntary Respondent Plaintiffs.

In light of the Voluntary Respondent Plaintiffs' actions—or, more appropriately, inaction—there are no grounds to exclude them from the Order. As Commerce recognized in promulgating its regulations, exclusion should "be based on a firm's actual behavior, as opposed to assertions regarding its possible future behavior." *Antidumping Duties; Countervailing Duties*,

62 Fed. Reg. 27,296, 27,311 (Dep't Commerce May 19, 1997). This reasoning was highlighted by the Federal Circuit when it affirmed Commerce's determination to generally include under an order companies that are assigned a zero percent margin but not individually examined. *Changzhou Hawd*, 947 F.3d at 791-92.[2] As the Federal Circuit explained, it is "reasonable for Commerce to decide to keep the uninvestigated firms subject to the obligations that accompany inclusion in an order—obligations that allow for continued receipt by Commerce of information used in later annual reviews that determine actual dumping margins for calculating duties owed." *Id.* at 791.

Notably, the only thing that sets the Voluntary Respondent Plaintiffs apart from the other separate rate companies that have not been excluded from the Order is the fact that the Voluntary Respondent Plaintiffs submitted "two-page requests" with no substantive information. *See* Fifth Remand Determination at 19-20. As Commerce explained, "excluding companies that simply filed a perfunctory request for voluntary status would allow for would-be voluntary respondents to ride on the coattails of mandatory respondents, allowing such companies to reap the same exclusion benefit as companies who expended the time and resources to undergo individual examination or file full questionnaire responses to demonstrate their lack of dumping, with minimal effort." *Id.* at 21. Indeed, if Commerce were to exclude companies based solely on the fact that they submitted a request to be a voluntary respondent, any company would be able to undertake this nominal effort and effectively turn an extraordinary measure into a commonplace one. Such a result could

---

[2] The Coalition notes that, in *Changzhou Hawd*, the Federal Circuit also affirmed the exclusion from the order companies that sought voluntary respondent status. *Changzhou Hawd*, 947 F.3d at 793-94. However, as discussed herein, the Federal Circuit's decision was limited to the specific facts of that case, and the Court expressly left the door open for Commerce to subsequently explain why it would be appropriate to include under an order companies that requested voluntary respondent status. *Id.* at 794.

significantly undermine the effectiveness of orders by creating large gaps in coverage and limiting the relief afforded to domestic industries. This is a particularly concerning outcome here in light of the fact that Commerce has found—and the Court has sustained—that the zero percent margin assigned to the Separate Rate Plaintiffs is not representative of these companies' dumping. *See* Fifth Remand Determination at 10. It is unreasonable for Commerce to exclude a company from an order based entirely on data that the agency has already found is not representative of the company's actual dumping.

Moreover, the Voluntary Respondent Plaintiffs have failed to put forth any valid reason as to why Commerce's remand determination with respect to this issue was in error. In challenging Commerce's determination, the Voluntary Respondent Plaintiffs rely solely on the Federal Circuit's decision in *Changzhou Hawd*. However, the Voluntary Respondent Plaintiffs' reliance on this case is misplaced, and Commerce's remand determination is consistent with the Federal Circuit's findings. While it is true that *Changzhou Hawd* affirmed the exclusion of all companies that requested voluntary respondent status in that case, the Federal Circuit also made clear the limitations of its determination. In particular, the Federal Circuit explained:

> We understand the Trade Court's decision as not going beyond holding that Commerce has not in this proceeding provided a sufficient rationale for continuing to include the voluntary-review firms in the order, and we rely on that understanding in affirming the Trade Court's judgement. *It remains open to Commerce in the future, should the issue arise, to address this issue more fully than it has done in this investigation. We do not prejudge the reasonableness of any justification Commerce might yet articulate for deciding to include voluntary-review firms in an antidumping-duty order.*

*Changzhou Hawd*, 947 F.3d at 794 (emphasis added). Thus, the Federal Circuit expressly left the door open for the Department to further explain why it would be appropriate to include such companies in an order. As explained above, Commerce has done so here.

The Voluntary Respondent Plaintiffs also claim that the facts in the present case are the same as those in *Changzhou Hawd*. Respondent Comments at 2. However, they ignore a critical difference. Specifically, in the remand determination underlying *Changzhou Hawd*, the Department provided no separate discussion of why it was appropriate to include companies that requested voluntary respondent treatment under the Order, discussing only non-individually examined companies that were assigned *de minimis* margin as a single group. *See generally* Final Results of Determination Pursuant to Court Order, *Changzhou Hawd Flooring Co., Ltd., et. al v. United States*, Court No. 12-0020 (Ct. Int'l Trade Feb. 15, 2017) (July 20, 2017). In examining this determination, the Federal Circuit noted that the U.S. Court of International Trade raised the question of whether "efforts in volunteering for investigation offer some reason to think that for those firms, unlike for non-volunteer firms, there is no more need for continuing coverage that there is for individually investigated firms found to have a *de minimis* dumping margin." *Changzhou Hawd*, 947 F.3d at 794. As Commerce did not address this question in its determination, the Federal Circuit upheld the lower Court's conclusion that the agency had failed to justify including the voluntary respondents in the order. *Id*.

Here, in contrast, Commerce did explain why it would be inappropriate to exclude the Voluntary Respondent Plaintiffs, as discussed above. Fifth Remand Determination at 18-21. Notably, the Voluntary Respondent Plaintiffs do not provide any basis for finding that Commerce's explanation is inadequate. In fact, the Voluntary Respondent Plaintiffs do not address Commerce's explanation at all. Accordingly, the present case is distinguishable from *Changzhou Hawd* and addresses the concern set forth in the Federal Circuit's opinion. As the Voluntary Respondent Plaintiffs have failed to provide any other justification as to why exclusion is appropriate, they have not demonstrated any error in Commerce's determination.

## IV. CONCLUSION

For the foregoing reasons, the Coalition respectfully requests that the Court find that Commerce's inclusion of the Voluntary Respondent Plaintiffs under the Order is supported by substantial evidence and is otherwise in accordance with law and sustain this aspect of Commerce's remand redetermination.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Jeffrey O. Frank, Esq.
Stephanie M. Bell, Esq.
Elizabeth S. Lee, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Coalition for Fair Trade in Hardwood Plywood*

May 26, 2023

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this submission complies with the word limitation requirement. The word count for the Defendant-Intervenor the Coalition for Fair Trade in Hardwood Plywood's Comments in Support of Commerce's Fifth Remand Redetermination, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 1,930 words.

*/s/ Timothy C. Brightbill*
(Signature of Attorney)

Timothy C. Brightbill
(Name of Attorney)

Coalition for Fair Trade in Hardwood Plywood
(Representative Of)

May 26, 2023
(Date)