**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| LINYI CHENGEN IMPORT AND EXPORT CO., LTD., Plaintiff, and SHANDONG DONGFANG BAYLEY WOOD CO., LTD., *et al.,* Consolidated Plaintiffs, v. UNITED STATES, Defendant, and THE COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, Defendant-Intervenor. | Consol. Court No. 18-00002 |

**DEFENDANT'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Linyi Chengen Import and Export Co., Ltd. (Chengen) and consolidated separate rate plaintiffs, and defendant-intervenor The Coalition for Fair Trade in Hardwood Plywood (Coalition), concerning the Department of Commerce's (Commerce) sixth remand redetermination, issued under protest pursuant to this Court's orders in *Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, Consol. Ct. No. 18-00002, ECF No. 264 (Ct. Int'l Trade July 8, 2026) (*Remand Order VI*), and ECF No. 272 (Ct. Int'l Trade Oct. 5, 2026) (*Remand Order VI-2*). *See* Final Remand Redetermination, ECF No. 273; Chengen Comments,

ECF No. 276; Coalition Comments, ECF No. 275. Because Commerce's remand redetermination complies with the Court's remand orders, the Court should sustain and enter final judgment for the United States.

**BACKGROUND**

**I. Earlier Proceedings Before this Court**

This case concerns Commerce's final affirmative determination in the antidumping duty investigation of certain hardwood plywood products from the People's Republic of China. *Certain Hardwood Plywood Products from the People's Republic of China*, 82 Fed. Reg. 53,460 (Dep't of Commerce Nov. 16, 2017) (final determination), *as amended by Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) (amended final determination).

In its final determination, Commerce calculated a 183.36 percent dumping margin for Chengen and assigned this same rate to those companies eligible for a separate rate (separate rate respondents). *Linyi Chengen Import and Export Co., Ltd., et al. v. United States*, 174 F.4th 1351, 1358 (Fed. Cir. 2026) (*Linyi CAFC*). Chengen and the separate rate respondents filed suit in this Court challenging Commerce's final determination. After multiple remands, Commerce—under protest—ultimately assigned both Chengen and the separate rate respondents a zero percent margin. *Id.* at 1358-60. Because Commerce had assessed a zero percent separate rate, it also determined to exclude from the order two companies that had requested voluntary respondent status and timely submitted all questionnaire responses—Xuzhou Jiangyang Wood Industries Co., Ltd. (Jiangyang Wood) and Zhejiang Dehua TB Import & Export Co., Ltd. (Dehua). *Id.* at 1360. The Court sustained this remand redetermination. *See Linyi Chengen Import & Export Co, Ltd. v. United States*, 658 F. Supp. 3d 1347, 1364 (Ct. Int'l Trade 2023).

Both the Government and the Coalition appealed the Court's judgment to the Court of Appeals for the Federal Circuit, with only the Coalition contesting Commerce's exclusion of Jiangyang Wood and Dehua TB from the order. *Id.* at 1354.

**II. The Federal Circuit's Decision and Subsequent Proceedings**

On April 29, 2026, the Federal Circuit reversed this Court's judgment with regard to Chengen's rate and the rate assigned to the separate rate respondents, "remand{ing} to the Trade Court for it to direct Commerce to apply a dumping rate of 183.36% to Chengen and the non-mandatory respondents." *Chengen CAFC*, 174 F.4th at 1367. The Court also "affirm{ed} the Trade Court's decision upholding Commerce's exclusion of Jiangyang Wood and Dehua TB from the all-others rate." *Id.* at 1368.

This Court subsequently remanded the case to Commerce "for further proceedings in conformity with the {Federal Circuit's} opinion." *Remand Order VI*. On August 26, 2026, Commerce issued a draft remand redetermination reinstating the 183.36 percent rate for Chengen and the separate rate respondents, consistent with *Chengen CAFC*. *See* Draft Results of Redetermination Pursuant to Court Remand (P.R.R. 1). Commerce also applied the 183.36 percent rate to Jiangyang Wood and Dehua TB, explaining that its prior decision to exclude these companies was based on the zero percent separate rate that was later invalidated by the Federal Circuit and that Commerce understood that the 183.36 percent rate would apply to the two companies, who were also non-mandatory respondents eligible for a separate rate. *Id.* at 7-10.

Jiangyang Wood and Dehua TB submitted comments on the draft remand redetermination, contesting Commerce's application of the separate rate to them. *See* Dehua TB Comments on Draft Results of Redetermination (Dehua TB Comments) (P.R.R. 6)[1]; Jiangyang

[1] "P.R.R refers to the Remand Administrative Record Index. *See* ECF No. 274.

Wood Comments on Sixth Remand Results (Jiangyang Wood Comments) (P.R.R. 7). Upon considering these comments, we filed a motion to extend the deadline for Commerce to file its final redetermination so that Commerce could treat Jiangyang Wood and Dehua TB as voluntary respondents,[2] soliciting the information necessary to calculate individual margins for the two companies and calculating the weighted-average dumping margins based on their company-specific information. *See* Defendant Motion for an Extension of Time, ECF No. 265. The Court granted our motion. *See* September 4, 2026 Order, ECF No. 266.

After the Court had already granted our motion for an extension of time, Jiangyang Wood filed an opposition, with Dehua TB joining. *See* Jiangyang Wood Opp., ECF No. 269; Dehua TB Notice of Joinder, ECF No. 270. While Jiangyang Wood and Dehua TB had originally sought to be treated as voluntary respondents, in their opposition, they argued that, notwithstanding the Federal Circuit's decision to invalidate Chengen's zero percent rate (the only individual rate calculated in this proceeding) and replace it with the above *de minimis* rate that Commerce had originally calculated for Chengen, Commerce must still exclude Jiangyang Wood and Dehua TB from the order. Jiangyang Wood Opp. at 10. The Court reversed its prior decision, denying the motion for an extension of time and directing Commerce to exclude Jiangyang Wood and Dehua TB from the order. *Remand Order VI-2* at 9-10.

On October 26, 2026, Commerce filed its final remand redetermination, reinstating the 183.36 percent margin calculated for Chengen and assigning that rate to the separate rate respondents and the China-wide entity. Remand Redetermination at 2. Commerce also—under respectful protest—complied with the Court's directive in *Remand Order VI-2* by excluding

---

[2] Although these companies requested to be examined as voluntary respondents, Commerce had not originally selected them for individual examination as voluntary respondents.

Jiangyang Wood and Dehua TB and Jiangyang Wood, in combination with their producers, from the order. *Id.*

Plaintiffs filed comments stating that they agreed with the remand redetermination but "ask{ing} that the Court include in its final judgement and order . . . instructions for Commerce to issue the liquidation message for {Chengen} and Consolidated Separate Rate Plaintiffs within 30 days of a final court decision." Chengen Comments at 1-2. The Coalition also filed comments in opposition to the remand redetermination, opposing the exclusion of Jiangyang Wood and Dehua TB from the order but acknowledging that Commerce made this determination under protest to comply with the Court's order. Coalition Comments at 1-2.

## ARGUMENT

### I. Standard of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

### II. The Court Should Not Order Commerce to Issue Liquidation Instructions Within 30 Days of a Final Court Decision

The Court should reject plaintiffs' request to direct Commerce to issue liquidation instructions within 30 days of a final court decision in this matter; instead, Commerce should be allowed to issue liquidation instructions following the same normal procedures it employs in all other cases, particularly as plaintiffs offer no persuasive reasoning for the Court to prematurely

intervene in Commerce's implementation of the final results and order a departure from its typical practice.

Commerce's discretion in administering the Tariff Act of 1930 is well established. *See, e.g. Melamine Chem., Inc. v. United States*, 732 F.2d 924, 933 (Fed. Cir. 1984) (stating that "Congress has afforded Commerce considerable latitude and discretion in implementing the antidumping duty laws"); *Save Domestic Oil, Inc. v. United States*, 240 F. Supp. 2d 1342, 1355 (Ct. Int'l Trade 2002) (quoting *Citrosuco Paulista, S.A. v. United States*, 704 F. Supp. 1075, 1086 (Ct. Int'l Trade 1988) ("Congress entrusted Commerce with discretion to administer the international trade laws.")). And the Act requires only that entries are liquidated in accordance with Commerce's determination unless liquidation is enjoined by the Court. 19 U.S.C. § 1516a(c)(1); *see also Capella Sales & Servs. v. United States*, 180 F. Supp. 3d 1293, 1303 (Ct. Int'l Trade 2016). Consistent with this discretion, the Court has traditionally left the orderly administration of liquidation to Commerce and Customs and Border Protection (CBP). *See, e.g.*, *Norca Indus. Co., LLC v. United States*, 680 F. Supp. 3d 1343, 1346 (Ct. Int'l Trade 2024), and No. 21-00192, Judgment, ECF No. 64 (ordering only "that the suspended entries shall be liquidated in accordance with the Court's Opinion" despite plaintiffs in that case having requested "immediate liquidation"); *Nanjing Dongsheng Shelf Mfg. Co. v. United States*, 840 F.Supp.3d 1194, 1199 (Ct. Int'l Trade 2026) (sustaining Commerce's remand redetermination without ordering the issuance of a liquidation message within a specific time period); *NEXTEEL Co. v. United States*, 475 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2020) (same). Commerce routinely issues, subsequent to the completion of litigation and dissolution of Court-ordered injunctions, liquidation instructions to CBP in the normal course of its activities.

Here, plaintiffs have provided insufficient justification for the Court to order Commerce to depart from its normal practice and expedite the issuance of liquidation instructions, failing to articulate any imminent injury that will result from not issuing those instructions within 30 days of a final court decision. Rather, plaintiffs point out only the relatively long duration of the litigation and speculate that Commerce's issuance of liquidation instructions without a set deadline may take many months. Chengen Comments at 2. This scarce reasoning hardly constitutes the sort of rare circumstance that might prompt the Court to substitute its judgment for that of Commerce regarding the timing of the issuance of liquidation instructions.

## III. If the Court Grants Plaintiffs' Request, It Should Act Consistently With the Existing Injunctions

To the extent that the Court grants plaintiffs' request to direct Commerce to issue liquidation instructions within a set timeframe, the Court should act in accordance with the multiple injunctions active in this case and refrain from ordering Commerce to issue instructions until a final and conclusive decision is reached in this matter, which may include further appeals.

Commerce is currently subject to multiple injunctions in this litigation which prevent it, "during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any" of the entries of merchandise at issue and provide for liquidation "in accordance with the final court decision in this action, including all appeals and remand proceedings." *See, e.g.* Order for Statutory Injunction Upon Consent, March 26, 2021, ECF No. 153; Order for Statutory Injunction Upon Consent, March 26, 2021, ECF No. 154; Order for Statutory Injunction Upon Consent, March 26, 2021, ECF No. 155; Order for Statutory Injunction Upon Consent, March 26, 2021, ECF No. 157; Order for Statutory Injunction Upon Consent, March 26, 2021, ECF No. 158; Order for Statutory Injunction Upon Consent, May 18, 2021, ECF No. 174; Order for Statutory Injunction Upon Consent, May 18,

2021, ECF No. 175 (collectively, Statutory Injunctions). Commerce thus cannot issue liquidation instructions while the period for considering an appeal is still active and throughout the pendency of any such appeal.

While plaintiffs request that the Court instruct Commerce to "issue the liquidation message for Plaintiff and Consolidated Separate Rate Plaintiffs within 30 days of a final court decision in this matter," they do not explain if their request is for the Court to direct the issuance of liquidation instructions within 30 days of the Court's judgment, or only after the 60-day period for filing a notice of appeal has expired, *see* Fed. R. App. P. 4(a)(1)(B), or—if an appeal is taken—after the mandate issues. *See* Fed. R. App. P. 41(b). If the Court grants plaintiffs' request, it should clarify that the 30-day period would not begin to run until a final and conclusive court decision is reached in this matter, inclusive of any appeals.

To do otherwise would conflict with the existing injunctions in the case, pursuant to which Commerce "is enjoined during the pendency of this litigation, *including any appeals*, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries . . . and the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, *including all appeals and remand proceedings*{.}" Statutory Injunctions (emphasis added). In other words, if Commerce were to issue liquidation instructions within 30 days of the Court's judgment, the agency would be violating the existing injunctions, which remain in effect until either the 60-day appeal period has expired or the appeal has run its course and the mandate has issued.

Accordingly, while the Court should not impose any time limit on Commerce's issuance of the liquidation instructions, to the extent it does so, it should clarify that the proposed time

limit will not begin to run until after a final and conclusive court decision in this action is reached, including all appeals and remand proceedings.

## IV. The Court Should Sustain the Remand Redetermination

Commerce's remand redetermination complies with the Court's remand orders and should therefore be sustained. On remand, although Commerce respectfully noted its disagreement with the Court's decision in *Remand Order VI-2*, it nonetheless complied with the remand order by excluding Jiangyang Wood and Dehua TB from the order. The Coalition opposes Commerce's exclusion of the two respondents, observing that the prior exclusion was based on the assessment of a zero percent separate rate that has now been invalidated. Coalition Comments at 1. However, the Coalition also "recognize{d} that Commerce made this determination under protest and to comply with" the remand order. *Id.* at 1-2. While we respectfully disagree that the Federal Circuit's decision in *Chengen CAFC* requires the exclusion of Jiangyang Wood and Dehua TB from the order, Commerce complied with the Court's remand orders and the Coalition's disagreement does not constitute a sufficient basis for further remand; as such, we respectfully request that the Court sustain the remand redetermination.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and enter final judgment for the United States.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN

Assistant Director

/s/Sosun Bae
SOSUN BAE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7568
Email: Sosun.Bae@usdoj.gov

Attorneys for Defendant

OF COUNSEL
JOSHUA ANGELO
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (202) 875-4092
Email: Joshua.Angelo@trade.gov

November 23, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| LINYI CHENGEN IMPORT AND EXPORT CO., LTD., Plaintiff, | ) | |
| and | ) | |
| SHANDONG DONGFANG BAYLEY WOOD CO., LTD., *et al.,* Consolidated Plaintiffs, | ) | |
| v. | ) | Consol. Court No. 18-00002 |
| UNITED STATES, Defendant, | ) | |
| and | ) | |
| THE COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, Defendant-Intervenor. | ) | |

**ORDER**

Upon consideration of the remand redetermination, the comments filed by the parties, the administrative record, and all other pertinent papers, it is hereby

ORDERED that the Department of Commerce's remand results are sustained in all respects, and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: ________________
New York, NY

________________________
JUDGE