UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| Linyi Chengen Import and Export Co., Ltd<br><br>Plaintiff,<br>and<br><br>Taraca Pacific, Inc., et al.,<br><br>Plaintiff-Intervenors,<br>v.<br>United States<br>Defendant,<br>and<br><br>Coalition for Fair Trade in Hardwood Plywood<br><br>Defendant-Intervenor. | Consol. Ct. No. 18-00002 |

**PLAINTIFF LINYI CHENGEN IMPORT AND EXPORT CO., LTD. AND CONSOLIDATED SEPARATE RATE PLAINTIFFS[1]' REBUTTAL COMMENTS TO DEFENDANT-INTERVENOR'S COMMENTS**

Plaintiff Linyi Chengen Import and Export Co., Ltd. and Consolidated Separate Rate Plaintiffs hereby submit rebuttal comments to comments filed by Defendant-Intervenor the Coalition for Fair Trade in Hardwood Plywood ("Coalition") on the U.S. Department of Commerce's ("Commerce") sixth remand redetermination. *See* Comments in Opposition to Commerce's Sixth Remand Redetermination (November 9, 2026), **ECF No. 275** ("Coalition

[1] Consolidated Plaintiffs, Celtic Co., Ltd., Anhui Hoda Wood Co., Ltd., Far East American, Inc., Jiaxing Gsun Import and Export Co., Ltd., Jiaxing Hengtong Wood Co., Ltd., Linyi Evergreen Wood Co., Ltd., Linyi Glary Plywood Co., Ltd., Linyi Jiahe Wood Industry Co., Ltd., Linyi Linhai Wood Co., Ltd., Linyi Hengsheng Wood Industry Co., Ltd., Linyi Huasheng Yongbin Wood Co., Ltd., Linyi Mingzhu Wood Co., Ltd., Linyi Sanfortune Wood Co., Ltd., Qingdao Good Faith Import and Export Co., Ltd., Shanghai Futuwood Trading Co., Ltd., Shandong Qishan International Trading Co., Ltd., Suining Pengxiang Wood Co., Ltd., Suqian Hopeway International Trade Co., Ltd., Suzhou Oriental Dragon Import and Export Co., Ltd., Xuzhou Andefu wood Co., Ltd., Xuzhou Jiangyang Wood Industries Co., Ltd., Xuzhou Longyuan Wood Industry Co., Ltd., Xuzhou Pinlin International Trade Co., Ltd., Xuzhou Shengping Import and Export Co., Ltd., and Xuzhou Timber International Trade Co., Ltd. (collectively "Separate Rate Plaintiffs").

Cmts").

In its comments, the Coalition first provides a short summary argument opposing Commerce's determination to exclude Zhejiang Dehua TB Import & Export Co., Ltd. ("Dehua TB") and Xizhou Jiangyang Wood Industries Co., Ltd. ("Jiangyang Wood") from the antidumping duty order on hardwood plywood issued int 2018. *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 505 (January 4, 2018) ("2018 Order").

The Coalition then makes a bald statement, without argument or reasoning, that the exclusion of Dehua TB and Jiangyang Wood from the 2018 Order would have no effect because their future exports would be subject to the new antidumping Order on hardwood and decorative plywood from China, issued on November 17, 2026. Coalition Cmts at 3; *see* Dep't Commerce, *Hardwood and Decorative Plywood From the People's Republic of China, Indonesia, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 91 Fed. Reg. 73739 (Nov. 17, 2026) ("2026 Order"). It is unclear what the Coalition intends to achieve with this comment. Nevertheless, the Coalition has no basis for its remark. The scope of the 2026 Order excludes hardwood plywood *subject to* the 2018 Order.[2]

First, none of the Companies' exports prior to November 17, 2026 can be covered by the 2026 Order where the new antidumping order did not exist at the time of import. Dehua TB's and Jiangyang Wood's merchandise has been *subject to* the 2018 Order and U.S. international

[2] The scope exclusion states: "The scope of the orders excludes the following items: . . . (3) hardwood plywood subject to the antidumping and countervailing duty orders on hardwood plywood from China. *See Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 FR 504 (January 4, 2018); and *Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 FR 513 (January 4, 2018). 2026 Order at Appenidx.

trade law governing Commerce's antidumping 2016-2018 investigation and the ensuing litigation for the last ten years. In this context being "subject to" means being "subordinate" to or "governed or affected by." *See Loomis v. Collins*, 190 F.4th 1364, 1368 (Fed. Cir. 2026) citing to Black's Law Dictionary (6th ed. 1990). Even future imports of the Companies' merchandise remain subject to the 2018 Order considering the limitations provided in 19 CFR § 351.107, whereby only merchandise produced and exported in the producer/exporter combinations examined in the investigation and identified in the Federal Register is allowed duty-free entry under the 2018 Order. A product could never be subject to two different Orders, and the scope of these Orders (and all Orders) as clearly seen are determined by the product description and country – not the specific manufacturer/exporter. Thus, the Companies' merchandise is subject to the 2018 Order alone, regardless of whether these Companies are excluded under 19 CFR § 351.107.

Accordingly, the Court should disregard the Coalition's comment regarding the lack of effect of the Court's final decision in this case.

Respectfully submitted,

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman
Vivien J. Wang
Judith L. Holdsworth
**The Inter-Global Trade Law Group PLLC**
1156 15th Street N.W.,
Suite 1101
Washington, D.C. 20005
Tel: (202) 868-0300
email: gmenegaz@igtlaw.com
*Counsel to Plaintiff Linyi Chengen Import and Export Co., Ltd. and Consolidated Separate Rate Plaintiffs*

Date: November 23, 2026

## WORD COUNT CERTIFICATE OF COMPLIANCE

This brief has been prepared utilizing Microsoft Word 2016 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth in the Chambers Procedures. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 750 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
**The Inter-Global Trade Law Group PLLC**
1156 15th Street N.W.,
Suite 1101
Washington, D.C. 20005
*Counsel to Plaintiff Linyi Chengen Import and Export Co., Ltd. and Consolidated Separate Rate Plaintiffs*